## BENNETT ET AL. VS. DAWSON ET AL.[*]

All claims against the estates of deceased persons must be exhibited, duly authenticated, to the administrator or executor, within two years after the grant of letters, as decided in *Walker ad. vs. Byers*, 14 *Ark.* 246.

And such claim must be so exhibited, although the cause of action had not accrued at the date of the grant of letters of administration. If the cause of action arises at so short a time before the expiration of the two years, as to make the exhibition impracticable, the effect is not to let in the claim as against the administrator, but against the heir or distributee.

It is the duty of the executor or administrator, at his official peril, to give the notice to creditors prescribed by the statute, but this is not a condition precedent to the exhibition of claims within the required period.

---

[*]This case was argued and submitted at the January Term, 1854.

OF THE STATE OF ARKANSAS. 413

TERM, 1855.]                    Bennett et al. vs. Dawson et al.

*Writ of Error to the Circuit Court of Hot Spring County.*

Hon. JOHN C. MURRAY, Circuit Judge.

. CURRAN & GALLAGHER, for the plaintiffs, submitted that, as the cause of action in this case did not accrue until within a few months before the expiration of the two years, this case does not come within the recent decisions of the court upon the statute. The legislature can limit the time for bringing actions without impairing the obligation of contracts, but cannot shorten the time unreasonably.

The 1st and 3d pleas are insufficient, because they do not allege that the notice prescribed by the statute, was given to the creditors. *Pearl vs. Conley et al.,* 7 *Smedes & Marsh.* 356; *Dowell vs. Webber,* 2 *Sm. & Marsh.* 452; *ib.* 403.

ENGLISH, for the defendants. We submit that upon the state of the pleadings, the claim was clearly barred, and that there is no error in the judgment of the court below; and we rely upon *sections* 54, 85, *chapter* 4, *Digest,* and the case of *Walker ad. vs. Byers,* decided at the July Term of this court, 1853, which is directly in point, and overrules the case of *Burton's ad. vs. Lockert,* 4 *Eng. R.* 411.

Mr. Justice SCOTT delivered the opinion of the Court.

This was an action of debt, commenced in the Hot Spring Circuit Court, on the 7th day of April, 1853. It is alleged, in the declaration, that the cause of action accrued on the 12th day of July, 1852.

The defendants filed three pleas:

*1st.* That the plaintiffs did not exhibit the alleged demand, duly authenticated by affidavit, within two years next after the date of the grant of letters of administration.

*2d. Nul tiel* record.

3d. That although letters were granted more than two years before the institution of the suit, to wit: on the 12th day of December, 1850; and although the demand accrued within two years next after said grant, to wit: on the 12th day of July, 1852, yet the plaintiff did not exhibit said demand, duly authenticated by affidavit, within two years next after the date of said grant.

To the *first plea*, the plaintiff replied, that the demand accrued on the 12th day of July, 1852, and was exhibited, duly authenticated by affidavit, within two years next after it accrued. The defendants demurred to this replication; and the court found the law for them.

To the *second plea*, the plaintiffs took issue in fact.

To the *third plea*, the plaintiffs demurred upon the ground, that it was sufficient to exhibit the demand within two years after it accrued, without regard to the date of the grant of the letters. This the court overruled; and found the law for the defendants; and the plaintiffs declining to answer further and electing to rest, final judgment was given for the defendants, and the plaintiffs brought their case here by writ of error.

The point of law involved was decided by this court in the case of *Walker as ad. vs. Byers*, 14 *Ark. R., p.* 246.

Two specific objections are made in this court to the third plea: *First*, That it shows that the cause of action accrued on the 12th of July, 1852, and that the expiration of the period of two years for the exhibition of claims, was the 2d day of December, of that year, leaving less than five months for the exhibition, which, it is insisted, is a period so unreasonably short that the law, if enforced, would impair the obligation of the contract. To this, it is a sufficient answer to say that the law was in force when the contract was made. But if a case should occur where a cause of action arose, from a dormant and contingent condition, at such an impracticable period, just before the expiration of the two years, as to make the objection tenable, the effect would not be to let in the claim, as against an executor or administrator, but as against the heir or distributee, as a superior equity to his in

assets that might have descended or been distributed to him; the legislature having the undoubted power, in the advancement of a great public policy, to prefer or to postpone one creditor to another.

The *other objection* is, that the plea does not allege that, upon the grant of letters, public notice was given to creditors as the statute prescribes. Doubtless, it is the duty of the executor or administrator to give the prescribed notice at his official peril, but this is not made a condition precedent, by the statute, for the exhibition of claims within the required period. Judgment affirmed.

Hon. E. H. ENGLISH, C. J., not sitting in this case.