## BROWN AS AD. VS. MERRICK & FENNO.

When the statute of limitations has commenced running in the life time of the creditor, it does not stop upon his death until administration be granted on his estate—(the cases of *Aikin vs. Bailey,* 5 *Eng.* 583; *Etter vs. Finn,* 7 *ib.* 632, and *Walker et al. vs. Byers,* 14 *Ark.* 259, explained as to this point).

*Writ of Error to the Circuit Court of Pulaski County.*

Hon. WM. H. FEILD, Circuit Judge.

BERTRAND, for the plaintiff. This court has decided that the statute of limitations does not run against the *creditor* of an estate, from the period of the death until administration is had : that when the statute has commenced to run, it will stop at the death, and will not commence running again until there is administration. We contend that the same rule applies in *favor* of deceased persons' estates, as has been decided to apply *against* them in favor of creditors.

An administrator or executor only can sue for personal assets, on the death of the party. *Lemon's heirs vs. Noland et al.,* 15 *Ark.* 436.

Where there is a want of persons to sue and be sued, the statute will not run. *Angell on Lim.* 61.

FOWLER, contra. Three years is the limitation on the action in this case—see *section* 7, *chap.* 99, *Digest;* and the plaintiff has not brought himself within the exception in *section* 23.

The general rule is, that when the statute begins to run, it runs on, regardless of death or other disability. 13 *Wend.* 269;

1 *John. Rep.* 176; 1 *Bibb Rep.* 261; 1 *How. United States Rep.* 52; 10 *Smedes & Marsh.* 101; 3 *Ark.* 413; *Angell on Lim.* 206.

Mr. Justice SCOTT delivered the opinion of the Court.

The plaintiff in error, as administrator of Wm. H. Bump, commenced this suit on the 4th day of November, 1853. It was an action of assumpsit on the common counts. The bill of particulars disclosed a demand for services rendered by Bump, as a clerk on a steam-boat, ending on the 15th of April, 1848. The plea of the statute of limitations of three years, was interposed. To this, the plaintiff replied that the intestate died in April, 1848, before the bar attached, and that no administration was taken or granted on his estate until the 18th of May, 1853, when they were granted to the complainant, who commenced this suit within one year thereafter. To which replication, a demurrer was interposed, which the court sustained, and the plaintiff refusing to reply further, final judgment was rendered against him, and he brought error.

By the *7th section* of the statute, (*chap.* 99, *p.* 696, *Digest,*) three years is the limitation for such actions: and, by the *23d section,* (*id., p.* 699,) it is provided, that "If any person entitled to bring any action in the preceding provisions of this act specified, die before the expiration of the time herein limited for the commencement of such suit, and such cause of action shall survive to his representatives, his executor or administrator may, after the expiration of such time, and within one year after such death, commence such suit, but not after that period."

This section is but the enactment by our Legislature, of the equitable construction that the English courts gave to the fourth section of the statute; (*21st James 1st,*) which was, that when the action was not barred at the death of the testator, his executor should be allowed twelve months, from the time of his death, to commence suit, although the bar would have attached before that year would have elapsed. *Grice vs. Jones,* 1 *Steward's R.* 254. It has, therefore, no material bearing upon the real question raised

by the demurrer in this case; which is, whether or not, when the statute commenced running in the life time of the deceased, it was stopped by his death until administration was granted upon his estate. That it did commence running in this case, in the life time of the deceased, is manifest from the pleadings and the bill of particulars; because, it was for personal services rendered by the deceased, which is claimed as due at the end of the services.

In discussing this point, in the case *Aikin vs. Bailey*, 5 *Eng. Rep.* 583, after stating the rule to be, that when the statute begins to run, it will continue to run, notwithstanding any subsequent disability, and whether that disability be voluntary or involuntary, and citing Judge KENT as saying, in *Peach vs. Randall*, 1 *J. R.* 176, "that he knew of nothing that could arrest the progress of the statute," certain cases were cited as showing some qualification or explanation of the rule, upon which it was re-marked: "Most of these cases resting upon the principle, that to authorize a just application of the statute, there should be an existing cause of action, a party to sue, and one liable to suit."

If the substance of these cases had been stated, instead of merely citing them, this remark would have been calculated to lead no one into error, as it would have been seen that it was to be limited, in its application, to cases like those cited, both as to the time when the statute would begin to run, and as to when its progress would be arrested, either by some positive statutory provision, or by some equally potent operating principle of law.

Thus, in the case of *Jackson ad. vs. Wren*, 3 *Steward's Rep.* 172, where the defendant took the negro from the estate of the deceased, after his death and before the grant of administration, it was held that the statute did not begin to run until the grant of administration.

So, in the case of *McKinder vs. Littlejohn*, 1 *Iredell's R.* 66, upon the statute of North Carolina, which requires creditors to present their claims within seven years after the death of the debtor, or they will be forever barred, it was held that this time did not begin to run until administration was granted upon the

estate. These two classes of cases having been cited more for explanation of the rule than as showing qualifications of it.

The third class cited, however, did qualify the rule — as the Mississippi and South Carolina cases — where, although the statute did begin to run in the life time of the deceased; yet, inasmuch as upon his death the statute prohibits suit against his representative until after nine months from the date of the grant of administration, these nine months are excluded from the computation; because, during that time, the statute arrests the remedy. And of this class, also, are the cases of *Montgomery vs. Hernandes, &c.*, 12 *Wheaton Rep.* 129, and *Trecothic vs. Austin*, 4 *Mason C. C. R.* 16, where the appeal arrests the cause of action, and holds it in a state of suspended animation.

And it is in reference to these latter cases, that Mr. ANGELL, in his work on Limitations, *chap.* 7, *sec.* 9, *p.* 60, lays down the rule, that "There must not only be a person to sue, but a person to be sued;" which is equally calculated to lead one into error, unless regard is had to the cases he cites to sustain it, whereby it is to be limited in its scope, to that class of cases.

In the subsequent case of *Etter vs. Finn*, 7 *Eng. Rep.* 632, the incautious remark referred to in the case of *Aikin vs. Bailey*, drew this court into the error of holding, in the latter case, that the death of a party arrested the running of the statute, which had commenced to run in his life time. And although that case was afterwards overruled in the case of *Walker et al. vs. Byers*, 14 *Ark.* 259, so far as it applied the general statute of limitations, to claims against the estates of deceased persons, the error, as to the death of a party arresting the running of the statute, was incautiously retained, in the incidental remark, not called for by the case before the court, "that the principle for which the case of *Aikin vs. Bailey* was cited in *Etter vs. Finn*, was undoubtedly sound, and was applicable to the general statute of limitation.

Thus, we have now but to correct this *dictum* in the case of *Walker et al. vs. Byers*, as to the general statute of limitations,

in order to make all the authoritative cases in this court harmonize with the law, as we still find it, and now hold it, as we did in *Aikin vs. Bailey*, as above explained.

And thus holding the law, it is clear, as the death of the plaintiff below did not stop the running of the statute against *him*, which, under the general rule, had begun to run in his life time, the cause of action was barred; and hence, the demurrer was properly sustained by the court below.

The judgment must, therefore, be affirmed.