## RECTOR VS. CONWAY ET AL.

It is clearly the duty of an administrator to plead the statute of limitations where the claim was barred before the death of his intestate—this rule might be extended (*Brown ad. vs. Merrick & Fenno*, 16 *Ark.* 612,) to impose on him the duty of pleading the statute where the demand was barred at the time of presentation: and with peculiar force to a case where the administrator presents his own demand—barred by the statute of limitations and of non-claim—against the estate of his intestate.

C. died in 1829, possessed of a tract of land: in 1837 it was sold for taxes, and the defendant became the purchaser, and obtained a deed: on the 26th of June, 1839, complainant was appointed administrator of C.; and on the 1st November, 1842, obtained an allowance, as administrator of his father, of whom he was the only heir, against the estate of his intestate, for the amount of a lost note, with interest, due 19th July, 1822: In 1854, P., who succeeded complainant in the administration of the estate of C., obtained an order of the Probate Court for the sale of the land; and upon the sale, the complainant became the purchaser, and filed a bill against the defendant to cancel the tax title deed, and to quiet his own title, etc.; *Held*, that the complainant has not presented such a state of facts as to entitle him to the aid of a court of equity.

*Appeal from the Chancery Court of Pulaski County.*

Hon. HULBERT F. FAIRCHILD, Chancellor.

HEMPSTEAD, for the appellant.

The complainant presented to the Probate Court for allowance, the claim which he held as administrator of his father against the estate of Conway. He could not allow it himself, but had to present it to the Probate Court to be allowed, if proved to the satisfaction of the Court, and he had to make the same affidavits as the law required of other claimants. *Digest* 125.

The Court did allow it. And this was the judgment of a Court of competent jurisdiction, acting on a matter within its

acknowledged power; which cannot be questioned or assailed in this proceeding, or any collateral suit. And it must be presumed in favor of that Court, that the law was complied with, and that legal and competent proof was given to induce the Court to allow the claim. *Borden vs. State,* 6 *Eng.* 519.

We do not understand that it is obligatory on an administrator to plead the statute of limitations, or statute of non-claim, where he knows a debt is due and remains unpaid; much less is it his duty to resist its allowance.

The sale of the land was made by the order of the Probate Court, on the petition of Peay, the administrator, for the payment of the debts of the estate.

This order of sale was a regular judgment of the Probate Court, on a subject matter within its jurisdiction, and cannot be questioned collaterally. See *Wills vs. Fletcher,* 17 *Ark. R.*

The only mode by which these judgments can be set aside or disregarded, is by proving fraud. Nothing of the kind has been attempted.

All inquiry as to limitation, lapse of time, or presumption of payment, is closed by the judgments of the Probate Court.

WATKINS & GALLAGHER, for the appellees.

Where creditor does not enforce collection of his debt by obtaining sale of lands of deceased, until a time elapses, which would constitute a bar if deceased were living, same statutes of limitation apply, and he will be presumed to have abandoned his claim. 7 *Wheat.* 59; 3 *Mass.* 523, 542; 4 *Mass.* 150; 2 *Cow.* 607; 3 *How.* (*Miss.*) 297; 10 *Watts* 185.

Claim was not presented in two years after letters of administration were granted. It was a fraud on part of Rector to have claim allowed. 13 *Ark.* 512; 14 *Ark.* 247.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

This was a bill filed by *Henry M. Rector* against *Elias N. Conway and Jared C. Martin,* the object of which was to cancel

a tax title deed, executed by the Sheriff of Pulaski county to defendant, Conway, on the 23d of December, 1845, for the NE. fr. ¼ of Sec. 6, T. 1, N. of R. 11 W., and a quit-claim deed executed by Conway to defendant, Martin, on the 3d day of January, 1846, for the same land, to quiet complainant's title, etc.

The facts of the case, so far as necessary to be stated, are:

That one Henry W. Conway departed this life in the year 1829, intestate, seized and possessed at his death, of the tract of land above mentioned, the same being situate in said county of Pulaski; that at his death, said land, by the laws of the then Territory of Arkansas, ascended to Thomas Conway, the father and heir at law of said Henry W., subject, however to the payment of the debts of said Henry W.

That in the year 1830, said Thomas Conway departed this life, intestate, and upon his death, said tract of land descended to his children, Elias N., (who is defendant,) James S., Frederick R., John R., William Conway B., Mary Pelham and Sarah Shields.

That in the year 1837, said tract of land was assessed by the Sheriff of Pulaski county, as the property, and in the name of Henry W. Conway, and the taxes due thereon being unpaid, said Sheriff proceeded, in the month of November of that year, to sell the same for said taxes, when defendant, Elias N., became the purchaser at the sum of $4 09.

That on the 23d of December, 1845, said Elias N. obtained a deed from the then Sheriff of said county for said land, reciting the original sale, purchase, etc.; and on the 3d of January, 1846, in consideration of the sum of $300, conveyed to defendant, Martin, by deed, such title as he had acquired by his said purchase; that Martin has been in possession since the year 1836.

That on the 26th day of June, 1839, complainant was, by the Clerk of the Probate Court of Pulaski county, appointed administrator of the estate of said Henry W. Conway, deceased; and on the 19th day of October, of the same year, said appointment was, by said Court, confirmed.

That on the 1st day of November, 1842, complainant, as administrator of his deceased father, Elias Rector, obtained an allowance in the Probate Court of said county, against the estate of Henry W. Conway, on a lost note, for the sum of $867 11, due the 19th July, 1822, with interest from that date.

That on the 2d day of March, 1854, upon application of John C. Peay, (who succeeded Henry Rector in the administration,) public administrator of the estate of said Henry W. Conway, deceased, he was ordered by the Probate Court of said county, to sell the said tract of land, above described, for the payment of the unsatisfied demands against said estate; that the same was duly sold by him on the 2d Monday of April, 1854, at which sale complainant became the purchaser at the sum of $530, and took a deed of conveyance from said administrator therefor.

Upon the hearing, the Chancellor dismissed the bill, upon the ground that the conduct of the complainant in connection with the proceedings, and the character of the proceedings as promoted or influenced by him, were such, that a court of equity ought not to entertain the bill.

The judgment under which appellant claims, was rendered on a lost note, which became due on the 19th of July, 1822, some seven years before the death of Conway, and had run upwards of twenty years from maturity, at the rendition of the judgment. The judgment was rendered against an estate of which appellant was, at the time, and had been for more than three years, administrator — was in favor of appellant as administrator of Elias Rector, his deceased father, and he admitting upon the record that he was the only heir at law of his deceased father, and not alleging that there were creditors of said estate, we may safely presume that the judgment was rendered for his sole use and benefit.

Appellant fails to show in his bill (nor does it otherwise appear in the pleadings) at what time his intestate Elias died, and as pleadings must be most strongly construed against the pleader, it follows that his death may be presumed to have taken place

after his demand had been barred, both by statute of limita-, tions and non-claim; which it clearly was at the time judgment was rendered.

*Sec.* 98, *chap.* 4, *Gould's Digest*, " provides that an executor or administrator may establish any demand he may have against his testator or intestate," etc.   This statute confers on executors and administrators a high fiduciary power to be exercised by them in cases affecting their own claims, and when they attempt to exercise that power, it is the peculiar duty of Courts to see that it is not done to the prejudice of heirs, distributees or creditors.

There are decisions which go to the extent that an administrator is not bound to plead the statute of limitations, but we know of no adjudged principle of law that would authorize an administrator to procure an allowance against the estate of his intestate upon a demand barred by the statute.   Such a principle would be exceedingly unsafe in practice.   The consequence would be that an administrator would scarcely ever fail to procure an allowance for his own debt, though barred by the statute, and even in many cases where it would be unjust, and it would become a matter of struggle with every creditor whose claim was barred, for the administration of the estate, in order to enable him to save his own debt.

This Court in case of *Rogers et al. vs. Wilson et al.*, 13 *Ark.* 512, held that " it was the duty of an administrator to interpose every legal defence which the intestate might have interposed; and clearly his duty to plead the statute of limitations where the claim was barred before the death of his intestate;" and since the decision in *Brown ad. vs. Merrick & Fenno*, 16 *Ark.* 612, the rule might be extended so far as to impose on him the duty of pleading the statute where the demand was barred at the time of presentation.   And this extension of the rule should apply with peculiar force to a case where an administrator was presenting his own demand against the estate of his intestate.

Appellant's demand was barred by the statute of non-claim.

After two years from the grant of his letters of administration, the residue of the estate, after payment of debts allowed within the two years, and expenses of administration, passed to the heir or distributee, quit of all claims against it, which the law will allow of as against the administrator. *Sec.* 99, *chapter* 4, *Gould's Digest; Walker ad. vs. Byers*, 14 *Ark.* 246; *Biscoe et al. vs. Sandefur et al., ib.* 568; *Bennett et al. vs. Dawson,* 15 *Ark.* 412.

The sale of the land, so far as disclosed by the record, it is fair to presume, was made for the sole purpose of paying the judgment of the complainant; and upon a careful review of the whole case, we are constrained to believe that he has not presented such a state of facts as to entitle him to the aid of a court of equity.

The appellant's bill contains specific allegations of fraud against defendant, Conway, in obtaining his tax title to the land—whether he obtained his title by fair or fraudulent means, we do not now feel ourselves called upon to investigate or to determine, but will reserve that question until such time as it may be presented by co-heirs or creditors (if any) who may stand in a more favorable position to litigate his title.

Decree affirmed.

Mr. Justice RECTOR did not sit in this case.