CORLISS STEAM ENGINE COMPANY *vs.* JOHN SCHUMACHER, administrator.

A debtor in simple contract left the state and died, and administration on his estate was taken out here. More than two years after the grant of administration, and, deducting the time between the debtor's departure from the state and the taking out of administration, more than six years after the cause of action accrued, a suit was brought to recover the debt. *Held,* that, under the Gen. Sts. *c.* 155, §§ 9, 10, the suit was barred, although no notice of the administrator's appointment was given until after the beginning of the suit.

CONTRACT against the administrator of the estate of Elias P. King, for money had and received by his intestate. Writ dated

March 20, 1869. At the trial in this court, before *Colt,* J., it appeared that the cause of action accrued in 1860; that the intestate was then a resident of this state, but that in March 1865 he removed to Wisconsin, where he died in the following April ; that administration was taken on his estate in this county, and the defendant was appointed the administrator, in August 1865 ; but that he gave no notice of his appointment till 1870.

On these facts, the judge ruled that the action was barred by the statute of limitations, Gen. Sts. *c.* 155,* and withdrew the case from the jury and reserved it for the opinion of the full court. If the court should be of opinion that the action was barred, judgment was to be entered for the defendant ; otherwise, a new trial to be ordered.

*J. S. Holmes,* for the plaintiffs.

*C. A. Welch,* for the defendant.

WELLS, J. This suit was not brought " within two years after the grant of letters of administration," as allowed by the Gen. Sts. *c.* 155, § 10. The only question, then, is whether it is " otherwise barred " by the provisions of the same chapter. It was not barred by the statutes limiting actions against executors and administrators, for the reason that no notice of appointment had been published.

The plaintiff contends that the general provisions of the Gen. Sts. *c.* 155, §§ 1, 9, do not bar the claim, because the debtor had left the state before the expiration of six years after the right of

---

* " SECTION 9. If, at the time when any cause of action mentioned in this chapter accrues against a person, he is out of the state, the action may be commenced within the time herein limited therefor, after he comes into the state ; and if, after a cause of action has accrued, the person against whom it has accrued is absent from and resides out of the state, the time of his absence shall not be taken as part of the time limited for the commencement of the action."

" SECTION 10. If a person, entitled to bring or liable to any action before mentioned, dies before the expiration of the time herein limited, or within thirty days after the expiration of said time, and the cause of action by law survives, the action may be commenced by or against the executor or administrator of the deceased person, at any time within two years after the grant of letters testamentary or of administration, and not afterwards if otherwise barred by the provisions of this chapter."

action accrued; and, as he never returned, that limitation ceased to run and could never bar the right of action; or, if the appointment of an administrator would be equivalent to a return of the debtor to the jurisdiction, it must be an appointment known to the creditor, or such as would affect the creditor with notice.

The exception in the statute is not, as this argument assumes, to the effect that the period of limitation ceases to run; but that, in computing that period, after it has once begun to run, there shall be deducted, from the whole interval elapsed, such length of time as the defendant resided out of the state. Strictly the time so to be deducted is the period from the change of residence to the death of the party, in case of no return. The statute operates by mere lapse of time. The deduction is to be made out affirmatively by the plaintiff. He fails to show residence out of the state, if the party was not living at the time.

But if the whole time from the change of residence to the appointment of the administrator were to be deducted, this claim is barred; unless the failure to give notice prevents the operation of the statute. Treating § 10 of *c.* 155 as an extension of the period of limitation under the previous sections, the plaintiff contends that a creditor cannot be barred by an administration of which he has no notice, either actual or constructive.

It is perhaps sufficient for this argument, that the express terms of the statute do not admit of such a qualification. But upon the ground of the general considerations urged by the plaintiff, that a creditor ought not to be affected by a condition of facts of which he is kept in ignorance, the answer is, that, after the statute has once begun to run, the bar becomes complete by lapse of the period of limitation, unless the exception, or exten sion, as defined by the statutes, is made out. And it has been decided that such exception must depend upon the actual facts, although the creditor was kept in ignorance of those facts, and even misled in regard to them. *Langdon* v. *Doud,* 10 Allen, 433.

*Judgment for the defendant.*