## M. B. SLOCUM vs. JOHN C. RILEY.

Bristol. Oct. 25. — Nov. 25, 1887. C. ALLEN & KNOWLTON, JJ., absent.

The operation of the statute of limitations upon a promissory note is not, under the Pub. Sts. c. 197, § 11, suspended by the temporary absence of the maker from the State, but only by absence of such a character as works a change of his domicil.

In an action against an officer for negligently suffering the escape of a person whom he had arrested upon a writ sued out by the plaintiff, the latter is not entitled to recover, as the measure of damages, the amount of his debt against the escaped person, but only such damages as he proves that he has actually sustained.

In an action against an officer for negligently suffering the escape of a person whom he had arrested upon a writ sued out by the plaintiff, the burden of proof is upon the plaintiff to show that he had a valuable debt against the escaped person, which he has lost by the act of the officer ; and this burden is not sustained by showing that he holds a promissory note signed by such person, which, on its face, was at the time of the escape barred by the statute of limitations.

In an action against an officer for negligently suffering the escape of a person whom he had arrested upon a writ sued out by the plaintiff, if the defendant relies, in mitigation of damages, upon the fact that the plaintiff's debt against the escaped person is barred by the statute of limitations, he is not required to set up such defence in his answer.

MORTON, C. J. This is an action against an officer for negligently suffering the escape of one Maynard, whom he had arrested upon a writ sued out by the plaintiff. At the trial, the defendant admitted his liability; and the only question presented to us is as to the correctness of the ruling of the court upon the subject of damages. The plaintiff contended that he was entitled to recover the amount of his debt against Maynard. It appeared that the plaintiff's writ against Maynard was dated on August 20, 1881. In order to prove the debt of Maynard the plaintiff produced a note signed by Maynard, and described in the writ against him as being of the following tenor : " Fall River, March 21, 1874. Four months after date, I promise to pay to the order of M. Bradford Slocum forty-one $\frac{7}{100}$ dollars, value received." Upon the face of the note, it was barred by the statute of limitations, more than six years having elapsed from its maturity to the date of the writ against Maynard. Pub. Sts. c. 197, § 1. The plaintiff then attempted to show that the

running of the statute of limitations had been suspended by the absence of the maker from the State. Pub. Sts. *c.* 197, § 11. But, in computing the period of limitation, the time of a debtor's absence from the State is not to be excluded, unless it is of such a character as to work a change of his domicil. *Collester* v. *Hailey,* 6 Gray, 517. *Langdon* v. *Doud,* 6 Allen, 423. The evidence offered by the plaintiff at most proved a temporary absence of Maynard, and was insufficient to show that he had changed his domicil from this State to another.

In this state of the case, the Superior Court ruled that the plaintiff was not entitled to recover the face of the note, with interest; and we are of opinion that the ruling was correct. In an action like this, the plaintiff can recover such damages as he proves he has actually sustained by the wrongful act of the officer. *Chase* v. *Keyes,* 2 Gray, 214. If he shows that the officer has permitted an escape, he is entitled to nominal damages; but beyond this he can recover no damages except what he proves he has actually sustained. The debt against the escaped debtor is not the measure of damages, but the loss in fact sustained. Accordingly, it has been repeatedly held that the officer might show in mitigation of damages that the debtor was poor and unable to pay the debt. *Weld* v. *Bartlett,* 10 Mass. 470. *Brooks* v. *Hoyt,* 6 Pick. 468. *Woods* v. *Varnum,* 21 Pick. 165.

Upon the issue whether the right of action was barred by the statute of limitations, the burden of proof was not upon the defendant. On the contrary, it is settled that where the statute of limitations is set up in bar, the burden of proof is on the plaintiff to show both a cause of action and the suing out of process within the period of limitation. *Pond* v. *Gibson,* 5 Allen, 19, and cased cited. *Corliss Steam Engine Co.* v. *Schumacher,* 109 Mass. 416. Inasmuch as the note on its face appears to have matured more than six years before suing out process against the maker, if the plaintiff relies upon the absence of the maker from the State as bringing the case within the exception of the statute, the burden is upon him to prove that the absence was of such a character that the time of his absence is to be deducted in computing the period of limitation. As we have before intimated, there is not sufficient evidence to justify the jury in finding this to be so.

In the case at bar, therefore, the burden being upon the plaintiff to prove that he had a valuable debt against Maynard, which he has lost by the misconduct of the defendant, he shows merely that he holds a note signed by Maynard which is barred by the statute of limitations. This does not meet and sustain the burden. It is no answer to say that the defence of the statute of limitations is in the nature of a personal privilege, and that possibly Maynard might not avail himself of it. To hold that the jury might, on this ground, find that the note was of value, would be to allow them to supply by the merest conjecture a vital deficiency in the plaintiff's proofs. Indeed, the only evidence upon this point is that Maynard did object to the plaintiff's suit against him, on the ground that the debt sued was barred by the statute of limitations, and it was for this reason that the defendant released him from arrest. For these reasons, we are of opinion that the facts and evidence in the case would not warrant the jury in including in their verdict damages for the loss of said note and interest; and that the court rightly so ruled.

The plaintiff contends that the issue of the statute of limitations was not open to the defendant, because not raised in his answer. He was not required to plead it. Under our Practice Act, it is necessary to set forth in the answer each substantive fact intended to be relied upon in avoidance of the action. Pub. Sts. c. 167, § 20. But in this case the fact that the note was barred by the statute of limitations is not a fact in avoidance of the action. It is available only in mitigation of damages. It only goes to show that the plaintiff has not lost a valuable debt, and thus to reduce the damages.          *Exceptions overruled.*

*J. M. Wood*, for the plaintiff.

*H. K. Braley*, for the defendant.