NELLIE T. SLATTERY, administratrix, *vs.* CORNELIUS
J. DOYLE, administrator.

Hampden.    September 25, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Limitations, Statute of,* Part payment, Special limitation. *Executor and Administrator,* Notice of appointment.

A part payment of a debt made by the administrator of the debtor takes the debt out of the general statute of limitations.

An administrator was ordered by the Probate Court to give notice of his appointment by posting notices in two public places in the city where the deceased last dwelt and to publish the notice in a certain newspaper of that city once a week for three successive weeks. The administrator posted the notices as required, but published the notice in the newspaper named three times in one week, once in the week following and no more. *Held,* that the administrator had not given due notice of his appointment within the meaning of Pub. Sts. c. 136, § 9, and that an action brought against him as administrator more than two years after his giving bond for the discharge of his trust was not barred by the special statute of limitations.

CONTRACT to recover money lent by the plaintiff's intestate to the defendant's intestate. Writ dated February 23, 1900.

The answer alleged, that the action was not brought within two years from the time that the defendant gave bond for the discharge of his trust and gave due notice of his appointment, and that the action was not commenced within six years next after the cause of action accrued.

In the Superior Court, the case was heard by *Aiken,* J., without a jury, upon an auditor's report. It appeared thereby that the money in question was lent by the plaintiff's intestate to the defendant's intestate, and that on January 1, 1888, there was an accounting between them, and it was agreed, that, allowing for interest and money paid on the account, the total sum then due

to the plaintiff's intestate from the defendant's intestate was $1,469.72. It further appeared, that part payments had been made upon the account by the defendant as administrator in small sums between July 1, 1892, and July, 1895, amounting in all to $165. Of this amount $85 was paid before March 14, 1893, and most of the remaining $80 was paid after the defendant had filed his final account as administrator. The defendant was appointed administrator and gave bond on March 14, 1891. The facts in regard to his giving notice of his appointment are stated in the opinion of the court. The substance of the rulings requested by the defendant and refused by the judge also is stated in the opinion. The judge found for the plaintiff; and the defendant alleged exceptions.

*T. D. O'Brien,* for the defendant.

*A. L. Green and F. F. Bennett,* for the plaintiff.

LATHROP, J. While the defendant made many requests for instructions which were not given, they are all involved in two questions: 1. Whether on the facts found the claim of the plaintiff is barred by the Pub. Sts. c. 197, § 1. 2. Whether on the facts the claim is barred by the special statute of limitations. Pub. Sts. 136, § 9. We will consider these in their order.

1. Whether the plaintiff's claim is barred by the Pub. Sts. c. 197, § 1, depends upon the effect of part payments, made by the defendant after the death of his intestate. This question was so fully considered by Chief Justice Shaw in *Foster* v. *Starkey,* 12 Cush. 324, that we deem further discussion unnecessary. It was there held that part payment of a debt made by an administrator of the debtor took the debt out of the general statute of limitations, although no promise was then made to pay the balance. See also *Fisher* v. *Metcalf,* 7 Allen, 209.

2. The remaining question relates to the special statute of limitations. Pub. Sts. c. 136, § 9. This section provides: "No executor or administrator, after having given due notice of his appointment, shall be held to answer to the suit of a creditor of the deceased, unless such suit is commenced within two years from the time of his giving bond for the discharge of his trust, except as hereinafter provided."

The only question raised on this branch of the case is whether the defendant gave due notice of his appointment. It appears

that the defendant's letter of administration required him to give notice of his appointment by posting notices in two public places in Holyoke, and also to publish the notice in the Holyoke Daily Democrat once a week for three successive weeks. The defendant posted the notices as required, but published the notice in the newspaper mentioned three times in one week, and once in the week following, and made no further publication.

The Pub. Sts. c. 132, § 1, require every executor and administrator to cause notice of his appointment to be posted in two or more public places in the city or town where the deceased last dwelt; "or he may be required by the probate court to give notice by publication in some newspaper, or in such other manner as the court, taking into consideration the business of the deceased and the circumstances of his estate, may direct."

The notice ordered by the Probate Court in the case before us was authorized by the statute, and it was the duty of the defendant to comply with the order. If he had given no notice at all, it is plain that the statute would be no defence. *Emerson* v. *Thompson*, 16 Mass. 429. *Corliss Steam Engine Co.* v. *Schumacher*, 109 Mass. 416. And we are of opinion that he stands in no better light by only in part complying with the order. "Due notice" must mean in the manner prescribed by law. *Brownell* v. *Greenwich*, 114 N. Y. 518, 527.

*Exceptions overruled.*