ADELINE L. HASKELL, administratrix, *vs.* ALBERT C. MANSON & others, executors.

Suffolk. December 4, 1908. — January 7, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Executor and Administrator. Limitations, Statute of. Fraud.*

Whether a payment, made by one of two executors against the objection of his co-executor upon a promissory note which in the lifetime of the testator had become barred by the general statute of limitations, R. L. c. 202, §§ 1, 2, would remove the bar of the statute, here was left an open question.

The plaintiff in a suit in equity was the administratrix of the estate of the payee of a non-negotiable promissory note, and she and her daughter and one who had no other interest in the estate of the maker except as executor were the executors of the will of the maker of the note, and all of them were defendants. The suit was to enforce payment of the note. The plaintiff alone would benefit by such payment. It appeared that, before the death of the maker of the note, action upon it had become barred by the general statute of limitations, R. L. c. 202, § 2. The third executor for that reason refused to allow payment of the note and thereupon the plaintiff and her daughter, the other two executors, paid $1 to the plaintiff as administratrix of the payee and joined in a written acknowl-

edgment of the existence of the debt evidenced by the note. *Held,* that, the third executor objecting, the payment by the other two made for the purpose of benefiting one of them, the plaintiff, personally could not operate to bind the estate represented by the defendants to its detriment by removing the bar of the statute of limitations.

BILL IN EQUITY, filed in the Superior Court for the county of Suffolk on March 23, 1908, by Adeline L. Haskell, administratrix of the estate of Waldo C. Haskell, late of Boston, against the executors of the will of Jacob M. Haskell, of whom she was one, seeking to enforce payment of certain non-negotiable promissory notes made by the defendants' testator and payable to the plaintiff's intestate.

The case was heard by *Fox,* J., a commissioner having been appointed to take the evidence. The material facts are stated in the opinion.

The judge made the following memorandum of his decision:

"It is admitted that the paper (Exhibit 9) signed by two executors, one of whom is also the plaintiff in this suit and the only person interested in the prosecution of it, was prepared by the plaintiff's counsel in order to anticipate and avoid the defense of the statute of limitations, which it was expected the third executor would insist upon. If (as is conceded) one of several executors may insist upon the statutory bar even if the other executors are willing to waive it, I think it must follow that it is not open to the other executors to strike down his defense by the device which was resorted to in this case. See also Pub. Sts. c. 197, § 17, the language of which has been changed by the last revision. (R. L. c. 202, § 14.) I think, too, that the testimony tending to show that the son, ten years after the rights of action had accrued, asked the father to pay certain of his bills 'on account,' and that the father paid them, there being nothing in the testimony to indicate on what account the bills were paid, is not enough to avoid the bar. (*Pond* v. *Williams,* 1 Gray, 630; *Ramsey* v. *Warner,* 97 Mass. 8, 13.) Bill to be dismissed."

The bill accordingly was dismissed; and the plaintiff appealed.

*G. C. Abbott,* for the plaintiff.

*J. W. Farley,* (*A. G. Mitton* with him,) for the defendants.

KNOWLTON, C. J. This is a bill in equity to recover the

amount of five non-negotiable promissory notes, called in the bill evidences of indebtedness, which were signed by Jacob M. Haskell and made payable to his son Waldo C. Haskell, with interest at seven per cent. The son died on February 1, 1906, and the father died on the fourth day of November in the same year. The father left a will in which his partner, Albert C. Manson, his wife Adeline L. Haskell, and his daughter Adeline M. Haskell, were named as executors. The first of these notes, which was more than thirteen times as much in amount as all the others together, was barred by the statute of limitations nearly seven years before the son's death, and the last was so barred nearly four years before his death. The will of Jacob M. Haskell was made after the death of his son Waldo, and by its terms his widow was to have the income of all his property for her life, and after her death the principal is to be divided equally between his son Edward M. and his daughter Adeline M. After the probate of the will and the appointment of the three executors named in it, the widow was appointed administrator of the estate of her son Waldo, and sought to collect these notes. They amounted to $15,575 as principal, with interest on nearly the whole amount for about fifteen years, at the time of the commencement of this suit. Her son Waldo left no debts, and one half of this amount, if collected, would go to her absolutely as one of his heirs at law, and the other half would go back to her husband's estate. Her co-executor Manson was unwilling to pay these notes, because, among other reasons, he was advised that the statute of limitations had run against them and that he could not legally pay them. Thereupon she and her daughter joined in a written statement and admission that they, as executors of her husband's will, had made a payment of $1, upon each of the notes, to Mr. Abbott, as attorney for Adeline L. Haskell, " as she is the administratrix of the estate of Waldo C. Haskell." The paper closed with a copy of the notes, and contained this recital: " The object of these payments is to avoid the general statute of limitations, which, in the absence of some evidence of payment, might be pleaded to some or all of said evidences of indebtedness. As such executors we do hereby admit the existence of the debts indicated by said evidences of indebtedness."

The principal question before us is whether this payment removed the bar of the statute of limitations, so that the other executor cannot rely upon it under his answer. The two executors who made the payments were defaulted, and as against them the bill was taken for confessed.

It is the rule in this Commonwealth, in England, and in most of the American States, that an executor or administrator is not bound to plead the general statute of limitations. *Scott* v. *Hancock*, 13 Mass. 162. *Baxter* v. *Penniman*, 8 Mass. 133. *Emerson* v. *Thompson*, 16 Mass. 428. *Slattery* v. *Doyle*, 180 Mass. 27. *Field* v. *White*, 29 Ch. D. 358. *Midgley* v. *Midgley*, [1893] 3 Ch. 282. *Shreve* v. *Joyce*, 7 Vroom, 44. *Johnson* v. *Beardslee*, 15 Johns. 3. *Hord* v. *Lee*, 4 T. B. Mon. 36. So, too, it is a general doctrine that payment by one of two or more joint executors will have the same effect as payment by all. Such is the usual effect of an authorized official act of an executor, so far as it relates to the property of the estate. But the rule that an executor or administrator is not bound to plead the statute of limitations is an exception to the general rule that it is his duty to protect the property and interests of the estate under his charge. It is universally agreed that it ought not to be extended. An executor or administrator is liable for a devastavit, if the estate suffers through his failure to plead the statute of frauds. *Field* v. *White*, 29 Ch. D. 358. An executor has no right to create a liability against the estate by making a new and independent contract to pay an alleged debt.

The above mentioned exception relative to the statute of limitations is founded upon the theory that an acknowledgment and new promise does not create a new liability, but continues an old one that otherwise might not be enforceable. There is some ground for holding that, where a debt has been barred by the statute before the death of the debtor, an administrator or executor should not be permitted to revive it, by a partial payment, or a new promise or acknowledgment of any kind. Although the distinction has not been established in this Commonwealth between the effect of a payment and acknowledgment by an executor or administrator of a debt which was not barred at the time of his appointment, and the payment of a debt that was barred in the lifetime of the debtor; and al-

though theoretically the nature of such a new undertaking by the original debtor may have been treated as the same in reference to a debt already barred as in reference to a debt against which the time of limitation has not expired, it is a significant fact that, in every case that we have found in Massachusetts in which a payment or acknowledgment by an executor or administrator was held to have extended the time, the debt was not barred in the lifetime of the debtor. The executor or administrator was simply continuing in force a debt which was collectible from him after his appointment. In *Pole* v. *Simmons*, 49 Md. 14, 21, 22, a promise by an executor, after the statute had fully run in the lifetime of the debtor, was treated as a new promise, made without authority, and insufficient to create a liability. See also *Peck* v. *Botsford*, 7 Conn. 172; *Cayuga County Bank* v. *Bennett*, 5 Hill, 236. In many of the States of this country, either under statutes or the decisions of the courts, a debt which was barred in the lifetime of the debtor cannot be revived by his representative after his death. *McLaren* v. *McMartin*, 36 N. Y. 88. *Fritz* v. *Thomas*, 1 Whart. 66. *Langworthy* v. *Baker*, 23 Ill. 484. *Patterson* v. *Cobb*, 4 Fla. 481. *Etchas* v. *Orena*, 127 Cal. 588, 592. *Van Winkle* v. *Blackford*, 33 W. Va. 573. *Smith* v. *Pattie*, 81 Va. 654. *Bambrick* v. *Bambrick*, 157 Mo. 423. *O'Keefe* v. *Foster*, 5 Wyo. 343. *Jones* v. *Powning*, 25 Nev. 399. *In re Mouillerat's estate*, 14 Mont. 245. *Rector* v. *Conway*, 20 Ark. 79. *Moore* v. *Hardison*, 10 Texas, 467.

It has never been decided in Massachusetts that a payment made by one of two executors against the objection of his coexecutor, upon a note which was barred by the statute in the lifetime of the testator, would revive the note, nor has it been so decided in England. The lords justices of the court of appeal, in a late case, preferred to leave this subject open for future consideration. *Midgley* v. *Midgley*, [1893] 3 Ch. 282.

But if we assume, without deciding, that these doubtful questions might be answered in favor of the plaintiff, she has another difficulty in her way. The payment was the joint act of the mother and daughter, and was made to the mother as the administratrix of her son's estate, entirely for her personal benefit as one of his two heirs at law. In her trust relation to the estate

of her husband, she could not make a payment to herself in a different relation, especially when she would be the only beneficiary, and thereby bind her husband's estate, so as to put it in a pecuniary condition less favorable than it would have been in under a decision by the court. Such an act is voidable by any one interested in her husband's estate. This is no less so because her daughter was induced to join her in making the payment. There was no separate and independent action by the daughter. The payment was a single act, and the declaration in writing was a single statement and acknowledgment in which they both joined. Because the mother was the other party to the transaction, with an adverse interest, it is voidable. The principle was applied in *Richmond, petitioner*, 2 Pick. 567, of which the headnote is in part: "An administrator cannot revive a debt due to himself from the intestate, which at the time of the intestate's decease was barred by the statute of limitations." Chief Justice Parker said: "The petitioner cannot avoid the presumption of payment, except by showing a renewal of the promise, and he cannot show that, being himself the administrator." The same doctrine was again applied in *Grinnell* v. *Baxter*, 17 Pick. 383.

If these two executors had jointly paid to the mother the whole amount of the notes, and had sought to have the payment allowed in their account in the Probate Court, the other executor might have objected, and set up the contention that the notes were barred, and not a proper charge against the estate. As the payment by an executor or administrator of a debt to himself is always reviewable by the court, and as the court will, when different joint executors make different pleas to a claim against an estate, proceed upon the plea which is most favorable to the estate (2 Wms. Ex., 8th ed., 1953; *Midgley* v. *Midgley*, [1893] 3 Ch. 282), the court would feel obliged to sustain the objection. A court of equity will not give to the joint payment and acknowledgment of these executors an effect that the Probate Court would not give to it, if the question arose there upon an objection of the defendant Manson that the claim could not be allowed against the estate.

The presiding judge rightly found that there were no payments upon these notes in the lifetime of the testator. His son

Waldo was forty-eight years of age at the time of his death. He had been an invalid all his life, and had lived all the time in his father's family. Only two years of the time did he do anything to earn an income. He had been a member of an expensive social club, and at different times had been obliged to have surgical treatment in hospitals. His father had paid all his bills, and had furnished him money whenever he wanted it, without ever making any charge against him or keeping any account of it. In the same way he had provided support and paid money for his daughter Adeline. The relations of the parties and their dealings together tend to show that no payment was ever made upon either of these notes. So far as it appears, they were never referred to between the parties.

*Decree affirmed.*