MINNIE F. BRIGHAM *vs.* ALONZO H. GARCELON, administrator.

Middlesex.     November 10, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Limitations, Statute of.     Probate Court,* Claim against insolvent estate.

A claim against the estate of one deceased testate for services rendered during his lifetime, filed in the Probate Court in insolvency proceedings under G. L. c. 198, § 4, more than six years after the allowance of the will and the appointment of and the filing of a bond by the executor, is barred by the general statute of limitations although the special statute of limitations was inoperative because the executor never filed an affidavit of notice of his appointment and it did not appear that he ever gave notice of his appointment as required by statute: in the circumstances, the special statute of limitations did not override nor abridge the general statute of limitations.

PETITION, filed in the Probate Court for the county of Middlesex on September 26, 1924, for proof of a claim against the estate of Thaddeus P. Irish, late of Somerville, represented insolvent. The claim contained the following items: to services rendered Thaddeus P. Irish as attendant and collector of rents from October 16, 1901, to October 16, 1912, five hundred and seventy-two weeks at $45 per week, $8,500; interest on $8,500 at six per cent from October 16, 1912, to July 8, 1924, $5,954.52; total, $14,534.52.

The claim was heard by *Leggat,* J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. Material facts and evidence are described in the opinion. The judge allowed the claim, $100 in the third class and $7,700 in the fifth class. The administrator appealed.

*W. N. Buffum,* for the respondent.

*J. J. Higgins,* for the petitioner.

PIERCE, J.   This case came before the Probate Court for Middlesex County in proceedings under the provisions of G. L. c. 198, § 4, for the proof of a claim against the insolvent estate of Thaddeus P. Irish, who died testate, October 16, 1912, leaving two sons as his next of kin, one of whom, Fred D. Irish, was appointed executor of his will on November 13, 1912, and filed a bond.   The executor never filed any affidavit of notice of his appointment and there is no evidence that he ever gave notice of his appointment as executor, as required by R. L. c. 139, § 1.   The executor died July 12, 1923, and the appellant, Alonzo H. Garcelon, was appointed administrator *de bonis non* with the will annexed on November 13, 1923.   He represented the estate insolvent, and it was so adjudicated on May 29, 1924.

The judge of probate, after hearing the parties, their evidence, and counsel, allowed the claim of Minnie F. Brigham, for services as attendant and collector of rents, $100 in the third class and $7,700 in the fifth class.   The administrator duly appealed from this allowance and requested a report of the material facts.   G. L. c. 215, § 11.   He concedes that the amounts found by the judge of probate are fair and reasonable if the claimant is entitled to prove any claim; and admits that the testator did promise to pay the claimant for her services and that she never was paid.   The judge does not find, and there is no evidence reported, to the effect that any "new assets" had come into the possession of the administrator *de bonis non* when the claim was filed.   G. L. c. 197, § 11.

The pertinent facts shown by the report are, in substance, that the claimant entered the employ of the testator on September 19, 1901, as a housekeeper.   She was to be paid $4 per week, and she was paid that amount up to the death

of the testator. About three weeks after her employment began, the testator fell and was so badly injured that he was unable to care for himself. Shortly afterwards the claimant told the testator that she could not remain and do attendant's work for $4 per week. Thereupon the testator told her in the presence of his son Fred, the executor of his will, "that if she would remain and take care of him until he died she could then put in her bill and she would be paid. He reiterated this on many other occasions." The claimant remained with the testator up to the time of his death, having been away from the house only three days and three nights during that period. Before the testator made his will, he told her he was going to leave her $500, and she said to him, "Grandpa, that was not the agreement, I was to have attendant's pay." He then said "this is just a little extra to pay for the Thursdays and Sundays which you have never had off, and so that you will not be practically without money should I die suddenly, you stay and take care of Fred, and you shall have all in the end."

A few days after the testator's death, the claimant had a conversation with Fred (who, afterwards, on November 13, 1912, was appointed executor), about putting in her bill against the estate. He asked her not to put in her bill at that time, and not to make it any harder for him; and asked her to remain and take care of him and when he died she would have all he had; that there would be enough to take care of her claim against his father's estate as well as any claim she might have against his estate. "As a result of this conversation, the claimant did not press her claim against the testator's estate but continued in the employment of Fred until his death" on July 12, 1923.

Upon the foregoing facts and upon all the evidence reported the administrator contended, and now contends, as stated in the report by the judge of probate, that the claimant is not entitled to recover:

"1. Because the 'promises of the testator to pay after his death were essentially and exclusively testamentary in character and the same being oral are unenforceable by reason of the statute of frauds.'

"2. Because 'the claimant's claim (when presented for proof in these proceedings in 1923) was barred by the statute of limitations.'

"3. Because 'it appears from the evidence that the claimant in legal effect waived any claim which she may have had against this estate.' "

The judge ruled "that the claim was not outlawed by the statute of limitations, was not an oral testamentary disposition of property which barred her recovery for the service rendered, and that she did not waive her right to recover by not suing upon the death of the testator."

The right to prove the claim against the estate which had accrued with the appointment of the executor, more than eleven years before the adjudication in insolvency, was not barred by the special statute of limitations, R. L. c. 141, § 9 (G. L. c. 197, § 9), because the executor never gave "due notice" of his appointment. The general statute of limitations is applicable to claims against estates of deceased persons, R. L. c. 202, § 2; G. L. c. 260; c. 231, § 28; and in the case at bar began to run against the claim of the claimant with the appointment of the executor. Upon the facts in evidence the special statute of limitations did not override or abridge the general statute of limitations. *Eddy* v. *Adams*, 145 Mass. 489. *Converse* v. *Johnson*, 146 Mass. 20. Nor was the general limitation extended by any acknowledgment in writing, R. L. c. 202, § 12 (G. L. c. 260, § 13); or by the payment of principal or interest, R. L. c. 202, § 13 (G. L. c. 260; § 14). *Foster* v. *Starkey*, 12 Cush. 324. *Fisher* v. *Metcalf*, 7 Allen, 209. *Corliss Steam Engine Co.* v. *Schumacher*, 109 Mass. 416. *Slattery* v. *Doyle*, 180 Mass. 27, 28. *Haskell* v. *Manson*, 200 Mass. 599. It follows that the claim was barred by the general statute of limitations and that the order for its allowance must be reversed.

*Ordered accordingly.*