Bolster, C. J.
This case has been held some time because of the pendency before the trial judge of a motion which, if allowed, would render decision here unnecessary. The judge has died and neither party has pushed the motion to decision. We, therefore, decide the appeal as it was left with us.
This ease was submitted on these agreed facts: that in 1927 the defendant, then a resident of Connecticut, became indebted to the plaintiff, a Connecticut corporation which has never had a place of business in Massachusetts. Payments were made, the last being on February 18, 1928.
The writ, dated October 19, 1934, describes the defendant as of Boston. Service was accepted here. There is no agreement as to wdten, if ever, he came into this Commonwealth.
The Statute of Limitations is pleaded. • '
*382 The pertinent statute is Gen. Laws, Ch. 260, sec. 9, which provides that if when a cause of action accrues, the debtor resides out of the Commonwealth, the action may be begun within the time limited after he comes into the Commonwealth. It is this Statute which governs this case. Brigham v. Bigelow, 12 Met. 268. Incurring an obligation in Connecticut in 1927 did not start the Statute of Limitations into operation in every other state in the nation. The applicable statute began to run when the defendant came here. Whether at that time the action had become barred in Connecticut does not appear. The first question in this case is whether, as the judge in effect ruled, the plaintiff must prove, as part of its. case, that its cause of action accrued within six years prior to the suing out of process. Ever since the decision in Pond v. Gibson, 5 Allen 19, it has been the law here that where the defendant does not waive, as of course he might, but insists upon the statutory bar, the burden is on the plaintiff to prove suit brought before the statute barred it. Corliss Steam Engine Co. v. Schumacher, 109 Mass. 416. Slocum v. Riley, 145 Mass. 370. Currier v. Studley, 159 Mass. 17, 20. Breen v. Burns, 280 Mass. 222, 228. That would appear to include the duty of showing that none of the conditions existed which would suspend or extend the operation of the statute. McCarthy v. Simon, 247 Mass. 517. It is consistent with the agreed facts that the defendant came into the Commonwealth on the day of the. last payment on account, February 18, 1928. It is equally consistent with them that he came here in 1933. Under the cases, it appears incumbent on the plaintiff to remove the uncertainty.
The plaintiff, however, claims that it makes a difference that the plaintiff is and always has been a non-resident. The cases on which he relies turned on a provision of the statute which saved the rights, of creditors “absent from *383 the United States.” (cf. Gen. Stat. Ch. 155, see. 6.) That clause was stricken out by Stat. 1880, Ch. 13, very likely in consequence of the case of Goetz v. Voelinger, 99 Mass. 504. The plaintiff’s theory that the plaintiff’s disability came about by judicial decision is erroneous. It follows that its fourth request was rightly denied.
Report dismissed.