Briggs, J.
This is an action of contract in which the plaintiff seeks to recover for merchandise sold to the defendant in December 1929. The last payment on the account made by the defendant was on August 6, 1931. The plain *458 tiff’s writ is dated January 24,1939. The answer of the defendant is a general denial, allegation of payment, and that the claim is barred by the Statute of Limitations.
This case was submitted to the Trial Court upon agreement of counsel as to whether a letter written by the defendant to the plaintiff’s counsel was such as to take the claim out of the operation of the Statute of Limitations.
The letter reads as follows:
January 7,1939
Leo Wall, Esq.,
18 Tremont Street Boston, Massachusetts
Dear Sir:
Tour letter of December 20, 1938, received. I am sorry that I am unable to make any payment on this bill of Russell T. Hatch Co. Am well aware that this account is long overdue. The last payment was made in August 1931, leaving a balance due of $69.00.
Very truly yours,
(Signed) DWIGHT I. JACOBS
No other evidence was presented except the statements of counsel aforesaid. Both parties duly presented requests for rulings and the Trial Court made the following finding: “Finding for the defendant. The debt is barred by the Statute of Limitations. I find and rule that the defendant’s letter of January 7,1939, written after the debt was barred by the Statute of Limitations did not constitute as a matter of law a sufficient acknowledgment and promise to pay to take the debt out of the operation of the Statute.”
The only question before this Court as raised by the rulings requested is whether or not the letter written by the de *459 fendant was sufficient to take the case out of the operation of the Statute of Limitations.
Where the Statute of Limitations is set up in bar the burden of proof is on the plaintiff to show both a cause of action and the suing out of process within the period of limitations. Rosenblatt vs. Foley, 252 Mass. 188; McCarthy vs. Simon, 247 Mass. 514; Slocum vs. Riley, 145 Mass. 370.
It is a settled principle that in order to avoid the statute there must be either a new express promise to pay, or one which the law implies from an acknowledgment of the debt as a present indebtedness; and the promise whether express or implied, must be unconditional or there must be evidence that the condition has been performed. Wenz vs. Wenz, 222 Mass. 314; Gill vs. Gibson, 225 Mass. 226.
The plaintiff relies upon the case of Custy vs. Donlan, 159 Mass. 245 to support his contention. In the case at bar, however, there was no unqualified acknowledgment. The defendant added the words, “I am sorry that I am unable to make any payment on this bill.” This cannot be interpreted as an express promise to pay. It expresses an intention to make no promise of payment, hence the law can imply no promise from the acknowledgment of the debt. The case is similar to Wald vs. Arnold, 168 Mass. 134 where the defendant wrote, “Your letter received, and wish to say that I cannot pay it, and I don’t know when I can. And furthermore the bill is $55.70 in all, deducting $20.00 on my last payment.” The Court there said “It states a present inability to pay, holds out no hope of the future, impliedly admits no more than that the defendant did incur a certain debt in the past, and leaves the plaintiff to consider what he will do next.” See also Krebs vs. Olmstead, 137 Mass. 504.
The plaintiff having failed to sustain the burden resting upon him, has not been prejudiced by the action of the Trial Court, and the entry will be
Eeport Dismissed.