ANDREW PRESSEY *vs.* GEORGE L. SNOW.

SAME *vs.* LUCY A. SNOW.

Knox.    Opinion February 5, 1889.

*Writ.    Indorser.    R. S., c. 81, § 6.*

All writs of summons and attachment are original writs within the meaning of R. S., c. 81, § 6, and such as are required to be indorsed, before entry in court, by some sufficient inhabitant of the state, where the plaintiff is not an inhabitant thereof.

The want of such indorser, being a defect apparent upon inspection of the writ itself, may be taken advantage of by motion, and no plea in abatement is required.

The court has no discretionary power to permit an indorsement of such writ after entry in court.

ON EXCEPTIONS.   From the bill of exceptions, it appears that the actions were begun by writs of attachment, and that the plaintiff was not an inhabitant of the state.   On the second day of the term, the defendant filed a plea in abatement, and a motion to dismiss the actions for want of an indorser.   Plaintiff's counsel, during motion hour, on the same day, moved for leave to furnish an indorser.   The plaintiff contended:   First, that by the statutes no indorser was required; second, it was within the discretionary power of the court to permit the writs to be indorsed.   The court overruled these points, sustained the defendant's motion, and the plaintiff excepted.

*A. P. Gould*, for plaintiff.

Offer to furnish indorser was contemporaneous with the entry of the actions,—when the docket of new entries was brought into

court on the second day of the term. The statute is remedial and should be liberally construed. *Clark* v. *Paine*, 11 Pick. 66, 68 ; 1 Black. Com. 88, note. Directory : *Mc Vickar* v. *Ludlow*, 2 Ham. 246 ; *Cox* v. *Hunt*, 1 Blackford, 146 ; *How* v. *Becktle*, Id. 213 ; *White* v. *Stafford*, 1 Breese, 28 ; *Smith* v. *Lockwood*, 34 Wis. 72. Allowed in *Farnum* v. *Bell*, 3 N. H. 72 ; *Whitsett* v. *Blumenthall*, 63 Mo. 479. Ruling subject to exception. *Clapp* v. *Balch*, 3 Maine, 216, 219 at foot.

Time not of the essence of statute ; security, the essential thing. Cooley's Const. Lim., 5th ed., pp. 92, 93 [*78] and cases cited in note 1, p. 93. Statute intended to promote justice, not to defeat it. *Winslow* v. *Kimball*, 25 Maine, 493, 495 ; 1 Kent's Com., 11th ed., 506, [*465]. *State* v. *Smith*, 67 Maine, 328.

Statute does not require indorsement. Writs of attachment not embraced. Not "original writ."

*Symonds and Libby, Robinson and Rowell*, with them, for defendants.

Writs were original, and plaintiff not being an inhabitant of this state, should have been indorsed. R. S., c. 81, § 6. Original writs under English law [Black. Com., vol. 3, 273 ; Abbott's Law Dict.] dissimilar to ours. *Clark* v. *Paine*, 11 Pick. 66, 67.

Original writs, by statutes : R. S., c. 81, § 2 ; Id. (1840) c. 114, §§ 21, 22, 23 ; Laws, 1821, c. 59, § 8, and c. 63, § 1.

Decisions : *Hall* v. *Jones*, 9 Pick. 446 ; *Bailey* v. *Smith*, 3 Fairfield, 196 ; *Crossen* v. *Dryer*, 17 Mass. 222 ; *York & Cumb. R. R.* v. *Myers*, 18 How. (U. S.) 246, where Campbell, J., speaks of the writ as an original writ. *Whitcher* v. *Josslyn*, 6 Allen, 350 ; *Robbins* v. *Hill*, 12 Pick. 569 ; *Harmon* v. *Watson*, 8 Greenl. 286 ; *Gould* v. *Barnard*, 3 Mass. 199, 201, where Parsons, C. J., says : "A writ of replevin is, without question, an original writ. It must, therefore, be indorsed." Statute identical with Laws, 1821, c. 59, § 8, and Mass. statute, 1784, c. 28 ; but writs of error and *scire facias* held not original writs. *Grosvenor* v. *Danforth*, 16 Mass. 73 ; *Dearborn* v. *Dearborn*, 15 Id. 318, and same in N. H. *Tracy* v. *Perry*, 5 N. H. 173.

Plaintiff's construction would require indorsements only of

exceptional writs, and require none for main body of writs origi-
nating actions under our statutes.

Court had no discretion to permit indorsing, after entry. *Clapp*
v. *Balch,* 3 Greenl. 216, 217; *Archer* v. *Noble,* Id. 418, 419; *Gould*
v. *Barnard,* and *Robbins* v. *Hill, supra ; Hayward* v. *Main,* 18
Pick. 226 ; Howes' Prac. 107 ; Spaulding's Prac. 79 ; *Pettengill* v.
*McGregor,* 12 N. H. 190. Court bound by statute. "Whether
we can discern the reason of a legislative act or not, we are still
bound by it," per Sedgwick, J., in *Gould* v. *Barnard, supra.*

FOSTER, J. These actions were brought by writs of summons
and attachment. The plaintiff was a citizen of New York.
Neither of the writs were indorsed before entry by any sufficient
inhabitant of this state. Upon the second day, of the return term,
the defendant in each case, filed a plea in abatement and motion
to dismiss for want of said indorser. Thereafter, during motion
hour of that day plaintiff's counsel moved for leave to furnish an
indorser and to have each of the writs indorsed, contending
*first,*—That by the statute no indorser was required; and *second,*—
That it was within the power of the court at that time to permit
an indorser to be furnished, and to have the writs then indorsed.
The court overruled the first point, and further ruled, as matter of
law, that it had no power to permit the plaintiff to procure an
indorsement of the writs at that time, and sustained the defend
ant's motion.

We have no doubt of the correctness of this ruling, and there-
fore the exceptions cannot be sustained.

1. Section 6, c. 81, R. S., provides that "every writ original,
of *scire facias,* of error, of *audita querela,* petition for writ of
*certiorari,* for review, or for partition, and bill in equity, shall,
before entry in court, be indorsed by some sufficient inhabitant of
the state, when the plaintiff or petitioner is not an inhabitant
thereof."

The term "original writ" as used in English practice was one
of technical meaning. According to Blackstone, it was a manda-
tory letter from the king, sealed with his great seal, directed to
the sheriff of the county wherein the injury was committed, to
be by him returned into the court of common pleas, and was

the foundation of the jurisdiction of the court, being the king's warrant for the judges to proceed in the determination of the cause. But, in our practice, modified as it is to conform to our own institutions, there is no such thing as the technical "original writ" known to the English practice. In this state, not only the jurisdiction of the court, but the forms of writs and the manner of commencement of actions, are provided by general statutory provisions, and when we have ascertained the meaning and construction thereof, we are to be governed by them rather than by any technical meaning derived from English practice.

As early as 1784 the Massachusetts statute, c. 28, provided that "all original writs issuing out of the supreme judicial court or court of common pleas shall, before they are served, be indorsed," etc. The meaning of the term "original writ" as contained in this statute was raised in *Clark* v. *Paine*, 11 Pick. 67, and the court say : "According to the English books of practice it would not be considered as an original writ; but this designation has in England a technical meaning which it would not be safe to adopt in giving a construction to our statute."

Section 2, c. 81, R. S., provides that "all civil actions, except *scire facias* and other special writs, shall be commenced by original writs; which, in the supreme judicial court, may be issued by the clerk in term time or vacation, and framed to attach the goods and estate of the defendant, and for want thereof to take the body, or as an original summons, with or without an order to attach goods and estate." These provisions are substantially the same as embraced in the earlier statutes of 1821, c. 59, § 8; c. 63, § 1; and R. S., 1840, §§ 21, 22, 23, of c. 114.

An examination of these statutes leaves no room for doubt as to the intention of the legislature, and that writs of summons and attachment, like the ones before us, are original writs and embraced within the meaning of the expression "every writ original" as used in § 6, c. 81, R. S., and such as are required to be indorsed before entry in court by some sufficient inhabitant of the state when the plaintiff is not an inhabitant thereof.

That such have been regarded as original writs by the courts of this state and Massachusetts, may be inferred from the

following cases: *Bailey* v. *Smith*, 12 Maine, 196, 197; *Hall* v. *Jones*, 9 Pick. 446; *Crossen* v. *Dryer*, 17 Mass. 222; *Whitcher* v. *Josslyn*, 6 Allen, 350.

*Scire facias* and other special writs enumerated in § 6 are additional to the original provisions requiring original writs to be indorsed, and are not qualifications or limitations thereof, as contended by the counsel for the plaintiff. *Tracy* v. *Perry*, 5 N. H. 172.

2. These writs being such as the law required to be indorsed before entry, the want of an indorser was seasonably taken advantage of, by plea in abatement and motion to dismiss.

The defect being one apparent from an inspection of the writ itself, advantage may properly be taken by motion, and no plea in abatement is required. *Clapp* v. *Balch*, 3 Maine, 216; *Scruton* v. *Deming*, 36 N. H. 433; *Seaver* v. *Allen*, 48 N. H. 473.

Nor had the court any power, in face of the imperative provisions of the statute, to permit the writs to be indorsed at that time. It was not a case where the discretion of the court could properly be exercised. This principle was settled in *Haywood* v. *Main*, 18 Pick. 226, where a petition for a new trial was filed and the respondent moved to dismiss the petition because the petitioner resided in the state of New York, and because the petition was not indorsed before entry as required by statute. The motion was sustained by the presiding Justice and the petitioner thereupon excepted, and also moved for leave to furnish an indorser, which motion was overruled. Shaw, C. J., in delivering the opinion of the court said: "The provisions of R. S., c. 90, § 10, authorizing the court in all cases to require an indorser does not apply, because in case of a petition from out of the state, the statute is imperative. The court are all of the opinion that the order to dismiss the petition for want of an indorsement was right and must be affirmed."

In New Hampshire, under a statute like that formerly existing in this state and Massachusetts, requiring all original writs to be indorsed, before service, when the plaintiff was not an inhabitant of the state, the same conclusion was reached, in the case of *Pettengill* v. *McGregor*, 12 N. H. 190, which substantially overrules

the earlier decision of *Farnum* v. *Bell*, 3 N. H. 72, cited in argument by plaintiff's counsel. In that case the court hold that when a writ is not properly indorsed before service, the court has no authority to permit the same to be subsequently indorsed, without the assent of the defendant. "We are not aware," the court say, "that the practice has gone to the extent, and it is not believed that the court possesses the power, where the writ is not indorsed at the time of its service, to permit the plaintiff to cause the writ to be indorsed at any subsequent period, without the assent of the defendant. The plaintiff in such action is not properly in court at all. The indorsement of the writ is as much a prerequisite to the right to call upon the defendant to answer to the action, as is the proper service and notice of the pendency of the action. The writ is not in fact properly in court, in contemplation of law. There is good reason why the indorsement should be made, and that it should be done before the defendant is compelled to answer to the merits of the action. The time of the indorsement is material. It is made so by the statute." This decision is affirmed in *Brackett* v. *Bartlett*, 19 N. H. 130. See also Howe's Practice, 107 ; Spaulding's Practice, 79.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.