WOODBURY I. OLIVER *vs.* CHARLES W. KALLOCK.

Lincoln.     Opinion, May 11, 1935.

*Christopher S. Roberts,* for plaintiff.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J.    The issue involved in this case is the validity of the service of a capias writ. The presiding Justice dismissed the action for want of service, and to such ruling the plaintiff reserved exceptions.

It appears that the action was commenced by a writ of capias or attachment, which was intended to be served as a capias. Such use of the writ is optional with the plaintiff. *Commonwealth* v. *Sumner*, 5 Pick., 360. *Spaulding's Practice*, 102. Pursuant to the command in the writ the deputy sheriff, to whom it was committed, arrested the defendant, whom he afterwards permitted to go at large to have breakfast with his family. Disregarding the consideration shown to him, the defendant made his escape. The writ was entered in court with the following return thereon by the officer who had made the arrest:

### "OFFICER'S RETURN

County of Knox, SS.                                 June 2, 1933

By virtue of the within writ I arrested the body of the within named Charles W. Kallock, and safely kept him in custody, until afterwards on the same day by ruse lying and misrepresentation, as follows said defendant after being arrested asked permission to have breakfast with his wife and young child and while, I, the officer serving this process was in the front part of the Restaurant said defendant, with force and arms, escaped out of my custody through the back window or door of said Restaurant, against the peace of and dignity of the State; and thereby rescued himself. And afterwards I made diligent search for and could not find the said Charles W. Kallock in my precinct.

Charles A. Cavanaugh, Deputy Sheriff."

The sole question before this court is whether there was a valid service on which to base a judgment by default. The presiding Justice held not, and with his ruling we concur.

Under our practice the distinction no longer exists between an original writ, which issued out of chancery, and the judicial writ, the purpose of which was to compel compliance with the original. *Pressey* v. *Snow*, 81 Me., 288, 17 A., 71. Actions at law are now ordinarily commenced by judicial writs, which are writs of process, and in our practice are regarded as original. Of these the capias is one. The aim of this writ is to compel the appearance of the defendant in court to answer the suit by actual arrest of his person. *Tidd's Practice*, 2nd Am. Ed., 122. *Stephen on Pleading*, 3rd Am.

Ed., 58. The command to the sheriff in our form of capias is to this exact effect. "We command you to take the body of the said defendant and him safely keep, so that he may be had before our Justice of the Superior Court next to be holden at . . . . . . . . on the first Tuesday of . . . . . . . . A.D. . . . ., and then and there in our said Court, to answer unto," etc. It is obvious that the purpose of this writ is not fulfilled by the mere arrest of the defendant. It is his presence in court, or the custody of him by the court which gives the jurisdiction to enter a judgment. That this is so is clearly indicated when we consider the consequences of an escape by a defendant after his arrest or of his rescue from the hands of an officer.

Escape in the narrow sense is the loss of the lawful custody of a prisoner by reason of the negligence or consent of the officer having him in charge. 21 C. J., 826. Rescue, which of course involves an escape, is the forcible freeing by third parties of the person under arrest. 54 C. J., 696. Where one is held in such cases under civil process, a right of action accrues to the plaintiff, in the first instance against the officer who permitted the escape, in the second against those who effected the rescue. The basis of this right in each case is the depriving the plaintiff of the means of recovering his debt. See the form of the writ in Chitty, *Pleading*, 13 Am. Ed., Vol. 2, 736-737. This is also clearly shown by the opinion in *Langdon* v. *Hathaway*, 1 N. H., 367.

This was a case of a voluntary escape after which the prisoner was recaptured. He brought suit for trespass against the officer who retook him. In sustaining a verdict for the defendant the court said, page 369: "The object of the mesne process, also, is to have the defendant in court at its session, that the contested rights between the parties may be settled, and the defendant be present to abide any judgment, which shall be rendered against him. If he be then present in custody, the object of the process is fulfilled and as to that object it must be of no consequence how many escapes have happened, and what may have been their character." The court then points out the different consequences of an escape after an arrest on final process, the purpose of which is not to secure the presence of the defendant in court but to deprive him of his liberty that he may be induced to pay the judgment against him.

This same distinction is pointed out in the note to the case of

*Jones* v. *Pope*, 1 Saunders, 34, where it is said, page 35: "But in arrest upon *mesne process*, it is sufficient if the sheriff brings in the body on the day of the return; and therefore, in actions for escape on process of execution, the form is "*ad largum ire permisit*," but on mesne process "*ad largum ire permisit, et non comparuit ad diem*."

See also *Hawkins* v. *Plomer*, 2 B'l R., 1048, and cases there cited.

*Buckminister* v. *Applebee*, 8 N. H., 546, was an action on the case, wherein it was alleged that the plaintiff sued out a writ against one Tyler, which was delivered to the sheriff, who, in accordance with the command in the writ, arrested Tyler, who was subsequently rescued from the sheriff by the defendants, by reason of which the debtor went at large and the plaintiff thereby lost his debt. In sustaining a verdict for the plaintiff the opinion holds that, after such an arrest and a rescue before commitment, the only remedy of the plaintiff is an action against the rescuers.

See also *Cady* v. *Huntington*, 1 N. H., 138.

If a defendant arrested on mesne process escapes before the return day of the writ and fails to appear to answer, we have an altogether different problem from that presented by his escape subsequent to the time when the writ is returnable. In the first instance no valid judgment can be rendered against him; in the latter judgment may be entered. The different results flowing from these two situations are indicated by the procedure followed in two Massachusetts cases. The question in each was as to the measure of damages against an officer who had suffered a prisoner to escape.

In the first of these cases, *Brooks* v. *Hoyt*, 6 Pick., 468, the escape appears to have taken place after the appearance of the defendant to answer to the writ but before the actual rendition of judgment. Judgment was entered against the defendant, and the measure of damages in the suit against the officer was held to be the value of that judgment, which was determined to be merely nominal because of the insolvency of the debtor. In the second case, *Slocum* v. *Riley*, 145 Mass., 370, 14 N. E., 174, the prisoner was apparently permitted to escape before the date when the writ was returnable. No judgment was entered against him, but in the action against the officer for permitting the escape the merits of the case between the plaintiff and the prisoner were tried out, in order to

determine the amount which the plaintiff might have recovered in the original suit.

The precise point at issue in the case before us has, so far as our investigation shows, not heretofore been decided. In some instances judgment appears to have been entered in the original action in spite of the failure of the officer to produce his prisoner in court or to have him under bail as permitted by the statute. *Sheldon* v. *Upham,* 14 R. I., 493; *Gebhardt* v. *Holmes,* 149 Wis., 428, 135 N. W., 860. Whether this practice may have been due to a different statutory form of capias in these jurisdictions from that in ours, or to the fact that the exact question here presented was not raised, is difficult to determine. Suffice it to say that under our form of capias writ service is not complete without the production of the defendant in court to answer or his release on bail in accordance with the provisions of our statutes. The essence of the service is his presence in court to secure which the officer is directed and authorized to place him under arrest. The problem is entirely different from that following the failure of a defendant to answer a summons, the penalty for which is that his appearance may be presumed, and the action proceed against him by default. The language of the opinion in *Gebhardt* v. *Holmes,* supra, page 436, in citing Murfree, Sheriffs, Sec. 199, is applicable here. "If he executed the warrant in part by taking defendant into custody and then loses such custody by escape, for any cause within human control,—escape, voluntary or involuntary on his part, he is liable to the plaintiff the same as in case of a failure to execute the writ at all."

The service of the writ against the defendant in this case was incomplete, and gave to the court no jurisdiction to enter a judgment by default.

*Exception overruled.*