EVINAL ESTES, administrator, *vs.* PETER G. TOWER.

In an action on a promissory note entitled to grace, and not in terms made payable at any specified place, the writ was made after sunset on the last day of grace, and real estate immediately attached thereon, at fifteen minutes past six o'clock, without any previous demand and refusal of payment. *Held*, that the action was prematurely brought.

CONTRACT on a promissory note dated February 9, 1853, at North Adams and payable, thirteen years after date, to the bearer, without any specification of a place of payment. Writ dated February 12, 1866. The officer made return of an attachment of real estate thereon at fifteen minutes past six o'clock in the afternoon of that day.

At the trial in the superior court, before *Wilkinson*, J., evidence was introduced tending to prove that the defendant signed the note, which was also signed by Francis N. Rice; and it was in controversy whether or not the defendant was liable thereon as an original promisor, and testimony was offered and rulings were made on that question, which are immaterial to this report.

An attorney at law, called as a witness by the plaintiff, testified that he made the writ on the day of its date, after candle-light, and, as he thought, between five and six o'clock in the afternoon; that the officer sat waiting while he drew it; and that, as soon as it was drawn, he handed it to the officer, who immediately wrote on it his return of the attachment.

No demand and refusal of payment was proved; the defend-

ant contended that the action was prematurely brought; the judge so ruled, and directed a verdict for the defendant, which was returned; and the plaintiff alleged exceptions.

*S. W. Bowerman*, (*W. H. Swift* with him,) for the plaintiff.

*H. L. Dawes*, for the defendant.

GRAY, J.   A promissory note entitled to grace is payable on demand at any reasonable time and place on the last day of grace, and, if the maker neglects or refuses payment upon such demand, the note is dishonored and may be put in suit immediately; but if no such demand is made, and he has done nothing amounting to a waiver of it, he has the whole of the day in which to make payment, and is not liable to an action until the expiration of the time within which such demand might have been made upon him.   *Gordon* v. *Parmelee*, 15 Gray, 413.   In the case of a note not in terms payable at a bank or other place of business, the demand may be made at the maker's dwelling-house at any hour at which, having regard to the habits and usages of the community in which he lives, he may reasonably be expected to be in a condition to attend to ordinary business, even as late as eight or nine o'clock in the evening.   *Triggs* v. *Newnham*, 10 Moore, 249.   *Farnsworth* v. *Allen*, 4 Gray, 453. It was therefore rightly ruled at the trial that this action was prematurely commenced.

The case of *Butler* v. *Kimball*, 5 Met. 94, upon which the plaintiff relies, and in which the maker of a note was held liable, without a previous demand, upon a writ made after sunset on the last day of grace and delivered to an officer on the next day, does not rest upon the ground that suit might be brought immediately after sunset on the last day of grace; but upon the ground that it was reasonably to be inferred that the writ was filled up provisionally and not intended to be used until the next day, when it was delivered to the officer, and that the making of the writ was no more to be deemed the commencement of the action than if the plaintiff, instead of keeping it in his own hands, had delivered it to the officer that night with instructions not to serve it until the next day, or had sent it to the officer, but it had not yet reached him. *Swift* v

*Crocker*, 21 Pick. 241. *Seaver* v. *Lincoln*, Ib. 267. *Emerson* v. *White*, 10 Gray, 351.

In the case at bar, the writ was not only made, but served, before any cause of action had accrued against the defendant.

*Exceptions overruled.*