(Judge Cox, of the First Circuit, taking the place of Judge Williams.)

### *LEWIS ET AL., PARTNERS, v. MOON.

1. HOW CONSTRUED.

A power of attorney to confess a judgment must be strictly construed, and the authority therein conferred cannot be exercised beyond the limits expressed in the instrument.

2. AUTHORITY CONFERRED BY A POWER OF ATTORNEY.

A power of attorney authorizing one to appear in court and confess a judgment, does not authorize the entry of an appearance *before the note becomes due*, and an appearance prematurely entered by virtue of said warrant, confers on the court no jurisdiction of the person of the maker, and the judgment so entered is invalid.

3. WHEN ACTION MAY BE BROUGHT ON A NOTE.

A negotiable note was dated November 10, 1884, payable to the order of G. one day after date; the day of date must be excluded, and no action can be maintained on the note until the *lapse of the full third day of grace.*

4. COLLATERAL IMPEACHMENT OF JUDGMENT.

One, *not a party to such judgment,* has a right to collaterally impeach it, whenever in any case it is attempted to be enforced against him, or to prejudice his rights.

ERROR to the Court of Common Pleas of Fayette county.

COX, J.

The plaintiff in the action below filed a petition to foreclose a mortgage given by John D. Moon on certain real estate therein described.

John W. Gray was made a party defendant, and set up a judgment obtained by him against Moon on the 13th of November, 1883, for $1,207. To this answer and cross petition of Gray the plaintiff filed a supplemental answer, and as a third defense set up that the judgment of Gray was based on a promissory note

---

*The Supreme Court disposed of this case April 29, 1890, by the following entry: "The court is of the opinion that the circuit court did not err in holding that the judgment rendered by the common pleas on the warrant of attorney was invalid. The other point, that the mortgage to the Jeffersonville bank, in the firm name, was invalid as a security, is disposed of in Bank v. Johnson, 47 O. S., 306. The judgment is therefore affirmed."

of Moon, dated November 10, 1883, and payable one day after date to Gray, or order, for $1,267.70, with 8 per cent. interest, and attached to it was a power of attorney, authorizing any attorney-at-law "at any time *after the above sum became.due*, with or without process, to appear in any court of record in the state, waive the issuing and service of process and confess a judgment for said amount, with interest and costs.

That on the 13th of November, 1883, an attorney appeared by virtue of said power of attorney, waived service for Moon and confessed judgment for the amount.

That said attorney had no right or authority of law to so appear, waive service and confess judgment, as there was no right of action on said note, it not being due at that time, and that therefore said judgment is of no effect. To this defense a demurrer was interposed, which was sustained, and thereupon the court proceeded to distribute the proceeds of sale of said property, ordering $1,045, the balance in the hands of the sheriff, to be paid to Gray, whereas if said judgment had not been sustained, said money would have gone to the plaintiff on his claim.

Error is assigned to the sustaining of the demurrer, and to the judgment ordering the funds to be paid to Gray.

It is claimed by plaintiff in error, that the note on which judgment was alleged to have been taken, was entitled to three days of grace, and therefore would not be due until the 14th day of November, and there was no authority in the power of attorney to confess judgment on the note until *it was due*, and that therefore the judgment so confessed was void.

It is not claimed that Moon appeared in court personally and consented to the jurisdiction of the court.

It is well settled that a power of attorney to confess judgment must be strictly construed, and the authority therein conferred cannot be exercised beyond the limits expressed in the instrument. Cushman v. Welsh, 19 O S., 536.

A power of attorney, authorizing one to appear in court and confess judgment, does not authorize the entry of an appearance before the note becomes due, and an appearance prematurely entered by virtue of said warrant, confers on the court in which it is entered no jurisdiction of the person of the maker. Spier v. Corll, etc., 33 O. S., 236.

*Was this note due* on the 13th of November, 1883? Our statute, section 3171, makes all promissory notes for a sum certain and payable to any person or order negotiable. And by section 3175, all such notes payable at a certain day after date or sight, are entitled to three days of grace in time of payment.

What are days of grace?

"They were originally days allowed by way of favor to the drawer of a foreign bill, to enable him to provide funds for its payment without inconvenience; and were called 'days of grace,' or 'respite days,' because they were gratuitous, and dependent on the holder's pleasure, and not to be claimed as a right by the person on whom it was incumbent to pay the bill." By custom, however, they became universally recognized, and although still termed "days of grace," they are now considered, wherever the law merchant prevails, as entering into the constitution of every bill of exchange and negotiable note, both in England and the United States, and form so completely a part of it *that the instrument is not due in fact or in law until the third day of grace*, Bouvier's Dic. "Days of Grace," Daniels on Negotiable Instruments, 614; Chitty on Bills, 422, 1 Peters, 25, 12 Wheaton, 213.

A demand of payment on the day before or after the third day of grace, would not authorize a protest, or charge drawer on endorser. 1 Peters, 25; 49 Ala., 242.

"No action can be maintained on such a note until the lapse of the full third day of grace." 69 Ind. R., 353; 102 Mass., 65.

When was this note due? In computing the number of days a note has to run, the day of *the date* is always excluded. Daniels on Negotiable Notes, 626.

No suit could therefore be instituted against the maker before the 14th of November, and the confession of judgment under the power of attorney on the 13th was unauthorized.

Is the judgment rendered void or voidable?

A court can only render a personal judgment when it has jurisdiction of the subject-matter and of the person against whom judgment is sought to be rendered, and a personal judgment rendered against one over whom the court has no jurisdiction, is wholly invalid. Spier v. Corll, 33 O. S., 236.

The defendant in this case did not appear in person in court to confess judgment, and the only authority given to an attorney was to appear for him after the note became due. It follows that as the judgment was taken before the note become due, it was invalid.

Can the Jefferson Bank in this proceeding avail itself of the want of validity of the Gray judgment?

It is claimed that it cannot; that this is a collateral proceeding; that the only way to take advantage of the defect is under those sections of the statutes which authorize new trials and other reliefs after judgment (section 5354), and that if the judgment is good between Gray and Moon, no other person can complain, except the judgment debtor.

The general rule laid down by the Supreme Court in Spier v. Corll, 33 O. S., 236, is, that "the jurisdiction of a court or tribunal entering a judgment on any particular case, may always be enquired into, when such judgment is made the foundation of an action, either in a court of the state in which it was rendered, or of any other state." That case, it is true, was between the immediate parties to the judgment. But the rule laid down in regard to impeaching judgments *collaterally* is this, that "the parties to an action cannot impeach or set at naught the judgment in any collateral proceedings, on the ground that it was obtained by fraud or collusion." They must take some proceeding prescribed by law to *annul* the judgment, and cannot, in the absence of such annulment, treat it as invalid. Freeman on Judgments, section 334.

It is only *third* persons who have the right to collaterally impeach judgments. They are accorded the right, because not being parties to the original action, nothing determined by it is as to them *res judicata*. Freeman on Judgments, section 334; Cowen, Hill & Edwards, note 291 to Phillips on Evidence.

But it is not all strangers who are entitled to impeach a judgment. Only those strangers who, if the judgment were given full credit and effect, would be prejudiced in regard to some preexisting rights, that are permitted to impeach the judgment. Being neither parties to the action, nor entitled to manage the cause, nor to appeal from the judgment, they are by law allowed to impeach it whenever it is attempted to be enforced against them. Freeman on Judgments, section 335.

And any such party may, without reversing it, prove that it was erroneous and void, in any suit in which its validity is brought in question. Freeman on Judgments, section 337; 4 Cushing, 27; 11 Metcalf, 370; 2 Metcalf, 135; 4 Cowan, 458.

Now, the Jefferson Bank was no party to the action of Gray v. Moon; it could not attack it on error, could not appeal from it, and it is set up in this action and attempted to be enforced against the plaintiff, to take a fund to which it would otherwise be entitled.

In that, the court below erred in sustaining the demurrer and ordering the balance of funds to be distributed to Gray. We think the judgment should be reversed, and the case remanded to the court of common pleas for further proceedings.

Mills & Van Pelt and Van Deman & Chaffin, for plaintiff in error.

Mills Gardner & F. G. Carpenter, for C. W. Gray.