JAMES C. EDDY & others, executors, *vs.* WALTER S. ADAMS, administrator.

Bristol.    Nov. 19, 1887. — Jan. 4, 1888.    W. ALLEN, J., absent.

A. made a promissory note, dated May 25, 1878, and payable to B. one year from date. A. died on March 31, 1884, and an administrator was appointed and gave bond on April 7, 1884. Said administrator resigned, and an administrator *de bonis non* was appointed on April 6, 1885. *Held,* in an action on the note against the administrator *de bonis non,* brought on April 5, 1887, that the action was brought within the time allowed by the Pub. Sts. *c.* 136, § 17, and was not barred by the statute of limitations.

HOLMES, J.   This is an action on a promissory note made by the defendant's intestate on May 25, 1878, payable to the plaintiffs' testator in one year, which therefore would have been barred by the statute of limitations after May 28, 1885, if the maker and payee had both lived so long.   The maker died, however, on March 31, 1884, and one Boynton was appointed his administrator, and gave bond on April 7, 1884.   If Boynton had remained administrator, the note would have been barred after April 7, 1886.   Pub. Sts. *c.* 197, § 12; *c.* 136, § 9.   But Boynton resigned, and the defendant was appointed administrator *de bonis non* on April 6, 1885.   The plaintiff's testator died on April 19, 1886, and the plaintiffs were duly appointed executors on June 4, 1886.   The writ in this action is dated April 5, 1887.

1.   The defendant contends that Boynton's resignation makes no difference in the running of the special statute of limitations in favor of executors and administrators; that the language of the Pub. Sts. *c.* 197, § 12, allows the action to be brought only within two years after " the grant " of letters of administration, and that the word " the " can only refer to the original grant, and thus that the time within which this action could be brought ended April 7, 1886.   But we think it perfectly clear that this section, so far as it expresses a limit and not an extension of the time for suing, is simply a general statement of the rule for the ordinary case where the same person remains administrator for two years, that the general rule is more specifically stated in the Pub. Sts. *c.* 136, § 9, and that neither section is

inconsistent with or qualifies the express provisions for cases like the present in *c.* 136, § 17, which apply in terms, and allow an action within two years from the defendant's giving bond. The special statute of limitations overrides the general statute, and sometimes abridges and sometimes extends the period of liability. But it cannot have been intended to bar an action by the lapse of the time during which it provides that the administrator shall not be held to answer to a suit. Section 1 of the Pub. Sts. *c.* 136, applies to administrators *de bonis non,* as well as to others, and is a bar to an action prematurely commenced. Therefore, on the defendant's contention, the plaintiffs had only one day, April 7, 1886, on which they could have sued within the two years from Boynton's giving bond, and by a little contrivance could have been prevented from suing at all.

2. It does not appear that the estate had been exhausted in paying preferred claims, so that the action is barred by the Pub. Sts. *c.* 136, § 5. The exceptions state that there was evidence that there were funds of the estate in the hands of Boynton's agent which were not included in his inventory or account, and several of the claims paid do not appear to have been preferred claims. See also *Cushing* v. *Field,* 9 Met. 180.

*Defendant's exceptions overruled.*

*J. M. Morton & A. J. Jennings,* for the plaintiffs.

*J. C. Coombs & J. V. Beal,* for the defendant.