MARY B. THOMPSON *vs.* WILLIAM HOXSIE, Admr.

WASHINGTON—NOVEMBER 17, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Probate Law and Practice.  Actions against Executors and Administrators.  Statute of Limitations.*

A. deceased November 28, 1895, and B. was appointed administrator, and first published notice of his qualification January 15, 1896.   B. deceased July 2, 1898, and C. was appointed administrator *de bonis non* August 1, 1898, publishing his first notice August 16, 1898.   Pub. Stat. cap. 189, § 8, provided that no action should be brought against any executor or administrator after three years from the time of grant of administration, said period to be reckoned from the time of giving notice of appointment :—

*Held*, that the appointment of an administrator *de bonis non* was not a grant of administration *de novo*, and that the statute began to run from the date of the publication of the first notice.

ASSUMPSIT.    Heard on demurrer to pleas, and demurrer to third plea overruled, and sustained to fourth plea.

STINESS, C. J.    The plaintiff sues the defendant, administrator *de bonis non* on the estate of Wm. Court Pendleton, for an account alleged to have been due November 28, 1895, the writ having issued February 15, 1900.

The defendant pleads (1) the general issue.

(2) The statute of limitations.

(3) That Wm. Court Pendleton died November 28, 1895, and that Samuel H. Cross was appointed administrator of the estate January 6, 1896, and first published notice of his qualification January 15, 1896 ; that said Cross died July 2, 1898 ; that the defendant was appointed administrator *de bonis non* August 1, 1898, publishing his first notice August 16, 1898 ; and that the plaintiff did not bring her action against said Cross or this defendant within three years after the first publication of notice of his qualification as administrator, and setting up the bar of Pub. Stat. cap. 189, § 8.

(4) A similar plea as to the defendant, setting up the bar of two years (under change in statute), Gen. Laws cap. 218, § 9.

(5) That the plaintiff never presented her claim to said Cross nor to the defendant, nor filed the same in the Court of Probate within six months from the date of notice of said administrators, as required by law.

The plaintiff demurs to the third and fourth pleas.

In support of the demurrer to the third plea the plaintiff claims that, even though she would have been precluded from bringing her action had Cross lived, yet the fact that he did not, and that an administrator *de bonis non* has been appointed, entitles her to present her claim to this administrator and thus to come under a new period of limitation.

The uniform decisions of this court have been that the special limitation in favor of executors and administrators was designed to promote the speedy settlement of estates, and that it is a complete bar.    *Atwood* v. *R. I. Bank*, 2 R. I. 191 ; *Bosworth* v. *Smith*, 9 R. I. 67 ; *Knowles* v. *Whaley*, 15 R. I. 97 ; *N. E. Bank* v. *Stockholders of Newport Factory*, 6 R. I. 154 ;

*Mowry* v. *Harris*, 18 R. I. 519.    All of these cases recognized
the notice of the original grant of letters testamentary or of
administration as the date from which the special statute be-
gins to run.    In *Mowry* v. *Harris* the first administrator was
removed and a new one was appointed on appeal, but the court
held that the original grant of administration was the con-
trolling date.

The present suit was not begun until thirteen months after
the expiration of three years from the date of the first notice.

The plaintiff argues, however, that, as the special limitation
had not expired when Cross died, there is no continuity of
time limit in favor of successive administrators.

To this it is sufficient to reply that there is also no provision
for its suspension.; and the settled rule is that when the stat-
ute begins to run it continues without interruption, unless there
is legislative provision to the contrary.

But the terms of the statute are explicit.    The bar of the
statute then was " after three years from the time of such
proof or grant," except for certain claims, of which this is not
one.    The time of the proof of a will does not change, and the
appointment of an administrator *de bonis non* is not a grant
of administration *de novo*.    The statute was to begin to run
upon notice after the proof or grant.    It was not intended to
open and to run again upon the notice of a second administra-
tor, with possibly a third.    The intent is made very plain in
Gen. Laws cap. 218, § 9, by the words : " from the date of the
first publication of the notice of qualification of the first exec-
utor or administrator."

This is not a change of the first date, but a more particular
statement of it.

The plaintiff relies on *Eddy* v. *Adams*, 145 Mass. 489, as an
authority that the time may run from the appointment of the
second administrator ; but it is not applicable, on account of
the difference in the statutes.    Pub. Stat. of Mass. cap. 136,
§ 17, provides : " A new administrator shall be liable to the ac-
tions of the creditors for two years after he has given bond, un-
less such actions were barred prior to the termination of the pre-
vious administration."    There is no such provision in this State.

The statute applicable in this case is Pub. Stat. cap. 189, § 8, in which the limitation was "not after three years from the time of such proof or grant."

For the reasons given in *Gunn* v. *Kelliher*, 20 R. I. 180, that of the saving of a limitation, under Gen. Laws cap. 298, § 9, when it had begun to run, the limitation of three years applies from the original notice of administration by Cross. That notice was January 15, 1896, and the limitation expired January 15, 1899. The action not having been brought within that time, the defendant's third plea of the special limitation is good, and the demurrer to that plea is overruled.

The demurrer to the fourth plea, setting up the bar of two years, under Gen. Laws cap. 218, § 9, following *Gunn* v. *Kelliher*, is sustained.

*John W. Sweeney*, for plaintiff.
*A. B. Crafts*, for defendant.