J. CUSHING COMPANY *vs.* BROOKLYN TRUST COMPANY
& another, executors.

Middlesex.    January 14, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Executor and Administrator. Limitations, Statute of.*

Where, upon the proof of the will of a testator who died domiciled in this Commonwealth and who at the time of his death owned no real estate here nor any property subject to attachment by trustee process, three executors were appointed, two of whom, not being residents of Massachusetts, appointed the third as their resident agent in compliance with R. L. c. 139, § 8, and where, within six months after the executors had filed their bonds, the executor resident in this Commonwealth died and the surviving executors did not appoint an agent to succeed him under R. L. c. 139, § 9, until more than a year had elapsed from the date of the filing of their bonds as executors, an action brought in this Commonwealth against such surviving executors, the writ in which is served upon the new resident agent within two months after the filing of his appointment in the registry of probate, is not barred by the provisions of R. L. c. 141, § 9, as amended by St. 1914, c. 699, § 3, although it is not commenced within one year from the time of the filing by the defendants of their bonds as executors.

CONTRACT, against the Brooklyn Trust Company, a corporation doing business in Brooklyn in the State of New York, and Isaac H. Cary, also of Brooklyn, executors of the will of Alice B. Cary, late of Lexington, upon an account annexed for a balance of $575.34, alleged to be due for hay, straw and feed furnished to the defendants' testatrix between May 2 and July 25, 1917, and for $55.80 interest.    Writ dated May 23, 1919.

The answer set up the special statute of limitations, R. L. c. 141, § 9, St. 1914, c. 699, § 3.

In the Superior Court the action was tried before *Chase,* J. Material facts are stated in the opinion.    In answer to a special question, the jury found that the defendants' testatrix had received the goods described in the account annexed to the declaration and that the balances there set out were unpaid.    The judge ordered a verdict for the defendants on the ground that the special statute of limitations was a bar to the action and reported

the case for determination by this court, judgment to be entered on the verdict if his ruling was right, and, if the action was not so barred, judgment to be entered for the plaintiff in the sum of $631.14.

R. L. c. 141, § 9, as amended by St. 1914, c. 699, § 3, reads as follows: "An executor or administrator, after having given due notice of his appointment, shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, except as hereinafter provided. The court may allow creditors further time for bringing actions, not exceeding two years from the time of the giving of his official bond by such executor or administrator, provided that application for such further time be made before the expiration of one year from the time of the approval of said bond."

R. L. c. 139, §§ 9, 10, are as follows:

"Section 9. If an agent appointed under the provisions of the preceding section dies or removes from the Commonwealth before the final settlement of the accounts of his principal, another appointment shall be made and filed as above provided, and the powers of an agent appointed under the provisions of this and of the preceding section shall not be revoked prior to the final settlement of the estate unless another appointment shall be made as before provided.

"Section 10. Neglect or refusal by an executor or administrator to comply with any provision of the two preceding sections shall be cause for removal."

The case was submitted on briefs.

*W. E. Hutchins & M. B. Lynch,* for the plaintiff.

*R. W. Hale & H. Guild,* for the defendants.

DE COURCY, J. A jury has found that Alice B. Cary, the testatrix, owed the plaintiff the sum declared on, and that the debt was unpaid. The only question raised by the report is, whether recovery is barred by the special statute of limitations. R. L. c. 141, § 9, as amended by St. 1914, c. 699, § 3. The material facts and dates are as follows:

Alice B. Cary died in Lexington on January 11, 1918. The defendants, residents of New York, and Charles M. Hemenway, of Somerville, Massachusetts, were appointed and qualified as exec-

utors on February 25, 1918; and the defendants appointed Hemenway their resident agent, in compliance with R. L. c. 139, § 8. The executors filed an affidavit of the giving of notice of their appointment on April 23. On August 3, 1918, said Hemenway, agent and only resident executor, died. From August 25, 1918, to February 25, 1919, the statutory period during which the defendants were subject to suits, there was no executor present in this Commonwealth, and no resident agent upon whom service of process could be made; nor apparently was there any real estate, or any property of the estate here subject to attachment by trustee process. The defendants made no appointment of a successor to Hemenway as their resident agent until that of Mr. Hale, which was dated February 18, 1919, and was filed in the registry of probate on March 29, 1919. The writ in the present action was issued on May 23, 1919.

It is apparent from these facts that the plaintiff never had an adequate opportunity to enforce its claim. During the six months given for commencing suits, there was no one in this Commonwealth on whom service could be made, by reason of the default of the defendants. The fact that the defendants were executors of the will of a resident of this Commonwealth did not make them residents, nor subject them to the jurisdiction of our courts except by the method provided by the statutes. *Putnam* v. *Middleborough,* 209 Mass. 456, 457. It is suggested that the plaintiff needed only to draw a writ and hand it to the sheriff for service. *Gardner* v. *Webber,* 17 Pick. 407. While an action at law is deemed *prima facie* to have been commenced on the date of the writ, plainly it would not be "commenced," within the meaning of the statute, by handing the writ to a sheriff, knowing and intending that no service was to be made, and that the defendants should have no notice of its existence. *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 12, 13. See *Johnson* v. *Farwell,* 7 Greenl. 370. R. L. c. 139, § 9, provides: "If an agent appointed under the provisions of the preceding section dies or removes from the Commonwealth before the final settlement of the accounts of his principal, another appointment shall be made and filed as above provided, and the powers of an agent appointed under the provisions of this and of the preceding section shall not be revoked prior to the final settlement of the estate unless another appoint-

ment shall be made as before provided." A proceeding under § 10 for the removal of the executors, followed by the appointment of successors, and the selection by them of a resident agent, would probably have required more than the six months' period. If the defendants are right in their contention, non-resident executors and administrators can deprive creditors of a reasonable opportunity to enforce their claims, can secure exemption from liability for the estate of the deceased, and defeat the very purpose for which the statute was enacted, by wrongfully neglecting to appoint a resident agent whenever the original agent dies, resigns or removes from the Commonwealth before the beginning of the six months' period during which suits must be commenced. A construction of the statute so calculated to nullify its purpose and to promote injustice should not be adopted unless obviously such was the legislative intent.

As was said in *Bremer* v. *Williams*, 210 Mass. 256, 258: "It is an underlying principle in the application of the statute of limitations that before it can begin to run there must be some one in existence by whom, and a different person against whom, the claim may be enforced." Furthermore, such statutes generally provide that their operation shall be suspended during the period of time that the defendant resides out of the State. For instance, our general statute of limitations provides (R. L. c. 202, § 9) " . . . if, after a cause of action has accrued, the person against whom it has accrued resides out of the Commonwealth, the time of such residence shall be excluded in determining the time limited for the commencement of the action." See also § 18. In view of the short period allowed (apart from certain specified exceptions) for bringing actions against executors and administrators, the Legislature apparently attempted to provide so that there should be a representative of the estate within the jurisdiction of our courts during the one year now allowed by St. 1914, c. 699, for the settlement of estates. See *Eddy* v. *Adams*, 145 Mass. 489; *Converse* v. *Johnson*, 146 Mass. 20. In the event of the death, resignation or removal of such personal representative, without having fully administered the estate, a new administrator is to be appointed. The new representative was liable to the action of a creditor for two years under R. L. c. 141, § 17. *Eddy* v. *Adams*, *supra*. Now, under St. 1914, c. 699, § 7, the new administrator

"shall be liable to the action of a creditor for one year, less the time during which the preceding executors or administrators, having given due notice of their appointment, were in office and for a time not less than six months in any event." A non-resident executor or administrator cannot enter upon his duties until he has appointed an agent residing in this Commonwealth and has agreed in writing that service of legal process against him as such executor or administrator, or against him individually for his acts or omissions as such executor or administrator, shall if made on said agent have like effect as if made on himself personally within the Commonwealth. R. L. c. 139, § 8. In the event of the death or removal from the State of such agent, before the final settlement of the accounts of his principal, another appointment must be made; and neglect or refusal to comply with these provisions is made cause for the removal of such executor or administrator. §§ 9, 10. It may be added that these provisions for agents of non-resident executors and administrators are made applicable to non-resident guardians and conservators by R. L. c. 145, § 42; and to non-resident trustees by R. L. c. 147, § 14.

In our opinion it was the intention of the Legislature that during at least a period of six months there should be secured to creditors an opportunity to enforce their rights against the estates of deceased residents, and that when the executors or administrators are non-residents they should be subject to the jurisdiction of our courts. In view of the purpose and the provisions of the special statute of limitations, it cannot have been the legislative intent to bar an action by the lapse of the time during which no remedy was available, especially when the plaintiff's inability to bring suit is due to the wrongful failure of the defendants to appoint a resident agent. It may be that in said § 9, the language "another appointment shall be made and filed as above provided" should be construed as suspending the powers and rights of the defendants to perform the duties of their office until they make such appointment, just as they cannot enter upon such duties in the beginning until they appoint an agent. See St. 1879, c. 180, §§ 3, 4.

In any event, considering the limitation provisions as a whole, we are of opinion that the running of the statute was interrupted during the time that the defendants had no agent in the Common-

wealth on whom service could be made. As was said in *Clark v. Augustine,* 17 Dick. 689, 691: "It can hardly be supposed that it was within the contemplation of the Legislature that executors or administrators, administering an estate in New Jersey [Massachusetts], would or could cut themselves off from service of process by continuously residing out of the State; that a non-resident trustee would be permitted to start the statutory machinery necessary for the prompt settlement of the estate in his hands involving the institution of lawsuits by creditors, and then provide no means by which such lawsuits could conveniently or effectively be brought and maintained." The agent Hemenway died before six months from the appointment of the executors, and hence before suit could be brought by the plaintiff. The appointment of a successor was not filed until March 29, 1919, and the present action was brought within two months thereafter. Without deciding when the period of limitation fixed by the statute would expire in these circumstances, it is enough to say that in our opinion it did not bar the present action.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $631.14.

*So ordered.*