EUGENIO CINCOTTA *vs.* HOWELL E. DUPUY.

Middlesex.   April 6, 1936. — April 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Limitations, Statute of. Practice, Civil,* Commencement of action. *Evidence,* Presumptions and burden of proof.

The date of a writ, without other evidence that the action was commenced on that day, warranted a finding that the action was then commenced although there also was evidence warranting a finding that the writ was not delivered to a deputy sheriff for service until twenty-one days thereafter.

TORT. Writ in the District Court of Newton dated February 2, 1935.

The action was heard in the District Court by *Lynch*, J., who found for the plaintiff in the sum of $365. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*V. L. Scanlon,* for the defendant.

*J. M. Maloney,* for the plaintiff.

RUGG, C.J.   The plaintiff seeks· in this action of tort to recover compensation for personal injuries and property damage alleged to have been caused on a public highway on February 2, 1934, by the negligent operation of an automobile driven by the defendant.   The date of the writ was February 2, 1935.   Among other defences it was pleaded in the answer that the cause of action did not accrue within one year before the suing out of the plaintiff's writ.   G. L. (Ter. Ed.) c. 260, § 4.   The ·deputy sheriff who served the writ testified that he received the writ on February 23, 1935, "frcm his office for service and served it the same day." He also produced official records of the Middlesex County deputy sheriffs' office which showed the same thing.   No evidence was introduced by the plaintiff outside the writ itself as to when it was drawn or delivered for service.   This was all the evidence bearing on the questions of law raised. The trial judge ruled that the burden of proof was upon the plaintiff to establish by affirmative evidence that the action was commenced within the time limited by the statute, that the date of the writ was not conclusive evidence as to the commencement of the action, and that the evidence warranted a finding that the writ was not placed in the hands of a deputy sheriff for service until after the expiration of time limited by the statute; but he found as a fact that the action was commenced on the date of the writ.   The finding was for the plaintiff.

It has long been held that the date of the writ is *prima facie* evidence of the time of the commencement of the action. *Veginan* v. *Morse,* 160 Mass. 143.   *Farrell* v. *German American Ins. Co.* 175 Mass. 340, 346.   *Pierce* v. *Tiernan,* 280 Mass. 180, 182, and cases cited.   *Prima facie* evidence means evidence which, standing alone, maintains the proposition and warrants the conclusion to support· which it is introduced.   If it is not rebutted or met and controlled by an explanation determined by the fact finding tribunal to be adequate and satisfactory, and if it relates to a decisive issue in the case, a decision is required in accordance with its

effect.   *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 536.   *Thomes* v. *Meyer Store Inc.* 268 Mass. 587.   In the latter case the distinction is explained between *prima facie* evidence and a presumption.   It cannot be ruled as matter of law that the evidence as to the time of the commencement of the action contained in the writ itself was met or overcome by other evidence or circumstances.   The judge correctly instructed himself as to the governing principles of law. *Rosenblatt* v. *Foley*, 252 Mass. 188.   *Smith* v. *Greeley*, 291 Mass. 271.   There was no error in the granting or denial of requests for rulings.   The question presented to the trial judge was one of fact.   It cannot be said that there was error of law in the conclusion reached.   *Cray* v. *Wells-Holmes Co. Inc.* 258 Mass. 93, 97.

*Order dismissing report affirmed.*