HERMAN W. PARKER *vs.* MAURICE E. RICH, administrator.

Suffolk.     February 2, 3, 1937. — March 30, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Commencement of action. *Executor and Administrator,* Limitation of actions. *Words,* "Commenced."

An action is not "commenced" within the long established meaning of that word and its meaning in G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, by the mere filling out of a writ without attempt at service upon the defendant.

Seasonable filing in the registry of probate of the notice specified in G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, is ineffectual to prevent the barring of an action against an administrator not "commenced," within the long established meaning of that word, before the expiration of a year from his giving bond.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 19, 1935.

The action was heard by *Brackett*, J., who found for the plaintiff in the sum of $412.37. A report was ordered dismissed by the Appellate Division. The defendant appealed.

*C. S. Walkup, Jr.*, for the defendant.

*E. R. Greenhood*, for the plaintiff.

RUGG, C.J. This is an action of contract to recover charges for services rendered to the defendant's intestate with respect to the funeral of his wife. The case was submitted on these agreed facts: On December 21, 1934, the defendant was appointed administrator of the estate of the deceased and gave bond as required by law; on December 19, 1935, the writ in the present case was made out; on December 20, 1935, a notice was filed in the registry of probate under St. 1933, c. 221, § 4, setting forth the pendency of this action in the Municipal Court of the City of Boston and stating the name of the estate, the name and address of the plaintiff and the amount of the claim; the writ was not turned over to an officer for service but was entered in court on its return day, which was January 4, 1936. The defendant pleaded the short statute of limitations among the defences. The trial judge ruled that it was immaterial in a technical sense whether this action was actually commenced within one year after the approval of the bond of the administrator, found that the action was not barred by the statute of limitations, and found for the plaintiff. There appears to be no dispute as to the amount of the debt due the plaintiff, provided he is entitled to recover. The parties have filed in this court a stipulation to the effect that, as a result of a motion filed on February 6, 1936, an order of personal notice to the defendant issued out of the Municipal Court of the City of Boston, which was served in hand upon the defendant,

and that the latter duly appeared and answered. The facts thus stipulated are confirmed by the docket entries.

The question to be decided is whether the defendant as administrator can avail himself of the short statute of limitations. The pertinent words of G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, the governing statute applicable to the facts here disclosed, are these: "an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced but not entered within said year unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate."

The Judicial Council in its sixth report, page 21, recommended the enactment of legislation to protect from personal responsibility executors and administrators who had made distribution of assets of estates in their hands "for the payment of claims of which they have had no notice which have been kept alive by actions begun just before the end of the year but which are not returnable until after the assets of the estates have been distributed." Doubtless, as a result of this recommendation, St. 1931, c. 417, § 1, was enacted, which was amended by St. 1933, c. 221, § 4, already quoted. The word "commenced," in this latter section, as applied to actions at law in connection with determining whether the statute of limitations is a bar, has acquired a fixed meaning. "An action is commenced when a writ issues out and is delivered to an officer with a *bona fide* intent to have it served upon the defendant. *Estes* v. *Tower*, 102 Mass. 65. *J. Cushing Co.* v. *Brooklyn Trust Co.* 235 Mass. 171." *Rosenblatt* v. *Foley*, 252 Mass. 188, 190. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 12. *Gardner* v. *Webber*, 17 Pick. 407, 412. *Pierce* v.

*Tiernan,* 280 Mass. 180, 182. *O'Brien* v. *McManama,* 281 Mass. 89. *Smith* v. *Greeley,* 291 Mass. 271. *Cincotta* v. *DuPuy,* 294 Mass. 298.

The words of the governing statute do not express any purpose to overturn this long established meaning of the word "commenced" as applied to actions at law. The main design of this statute, as disclosed by its words and arrangement, was not to make it easier for plaintiffs to institute actions but to prevent harm to defendants arising from actions delayed by the plaintiffs within limits previously permitted by the statutes. The foundation of an action at law is the writ. Merely filling out a writ, without attempt at service on the defendant, is not the commencement of an action. The present statute offers one of three courses to a plaintiff who commences his action but does not enter his writ in court before the expiration of one year from the time of giving bond by the defendant. Those courses are: (1) service of the writ upon the defendant within one year from the giving of his bond, (2) acceptance of service of the writ by the defendant within that time, (3) filing of notice within that time in the proper registry of probate setting forth the specified facts. The third course affords relief to a plaintiff who, before the expiration of said year, has commenced his action according to the meaning of "commenced" already given, and who has failed for any reason to obtain service of his writ upon the defendant, or to obtain acceptance of such service, within said year. It simply allows service to be made, after the year and before the return day on a writ sued out within the year but not served within that time, in cases where the required notice has been filed. To that extent the statute is a benefit to plaintiffs. But the statute cannot rightly be stretched to permit a plaintiff, simply by filing the specified notice, to postpone pressing his action by seasonable service of his writ and thereby to delay an executor or administrator in the settlement of his trust. If the action has been commenced but the writ has not been served nor service accepted within the year, then the executor or administrator is not liable unless the writ relates to a cause of action

notice of which has been filed in the registry of probate within that year. The facts in the case at bar show that the action was not "commenced" during the year within the settled meaning of that word. Therefore, the recording of the notice was of no effect.

The trial judge rightly ruled that the burden of proof was "on the plaintiff to establish by affirmative evidence that the action was commenced within the time required by the statute." He was in error in ruling that it was immaterial whether the action was actually commenced within one year after the approval of the bond of the defendant and in refusing as matter of law to find for the defendant.

> *Order of Appellate Division reversed.*
> *Judgment to be entered for defendant.*