No. 2888         Northern         Middlesex, ss.

O'SULLIVAN                    (Viola & Singer)
v. BICKLEY                 (E. M. Harkins)

From the First District Court of Eastern Middlesex—Davis, J.

Argued May 5, 1941—Opinion Filed July 7, 1941

JONES, P. J. (Pettingell, & Henchey, JJ.)—This is an action of contract.

Plaintiff declares on promissory note, dated July 20, 1933, signed by the deceased. So far as material, the answer is a general denial, and sets up the special statute of limitations relating to actions against estates. This statute, G. L. (Ter. Ed.) c. 197, sec. 9, and Acts of 1933, c. 221, sec. 4, provides that:

"An executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced but not entered within said year unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate."

The only question involved is whether or not the plaintiff's action is barred by the special statute of limitations.

The deceased executed the note in question on its date, July 20, 1933, and the writ in this action was dated September 19, 1940 and service thereof was not made until October 10, 1940, more than a year after the appointment of the executor. The defendant was appointed on September 18, 1939 and duly gave bond required for her appointment on that date, and on April 29, 1940, she gave an additional bond, the one originally given being insufficient in amount.

An action is commenced when a writ is sent out and delivered to an officer with a *bona fide* intent to have it served upon the defendant, and such was the former rule. *Estes, Admr.* v. *Tower*, 102 Mass. 65. *J. Cushing Co.* v. *Brooklyn Trust Co.*, 235 Mass. 171, but actions against the estate of deceased persons are regulated specially by the statute above quoted.

This statute fixed the time within which an action shall be barred as within "one year from the time of his (the administrator) giving bond for the performance of his trust." Nothing is said therein about the giving of a bond in addition to the original bond. If such was the law there would be additional time allowed for the settlement of estates, and by giving such

additional bonds from time to time an estate could be kept open for an unlimited time. We do not think such was the meaning of the legislature. Both bonds given were official bonds.

The plaintiff's requests for rulings were rightfully denied.

The plaintiff, if she wished, could have followed the statute in its terms, and filed the notice required by the statute quoted, in the Probate Court and so held his claim. See *Parker* v. *Rich. Admr.*, 297 Mass. 111; *Gray* v. *Dahl*, 297 Mass 260.

The report is dismissed