Jones, P. J.
This is an action of contract.
Plaintiff declares on promissory note, dated July 20, 1933, signed by the deceased. So far as material, the answer is a general denial, and sets up the special statute of limitations relating to actions against estates. This statute, G. L., (Ter. Ed.) c. 197, sec. 9, and Acts of 1933, c. 221, sec. 4, provides that
“an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced but not entered within said year unless before the expiration thereof the writ in such action has been served by delivery in hand upon *318 such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate.”
The obvious purpose of the passing of this statute is also stated in Parker vs. Rich, Admr., 297 Mass. 111, at p. 113, and it is there held that the word ‘ ‘ commenced ’ ’ has acquired a fixed meaning; and that “An action is commenced when a writ issues out and is delivered to an officer with a bona fide intent to have it served upon the defendant” with cases there cited. And this statute, as stated in said case at page 114, “allows service to be made, after the year and before the return day on a writ sued out within the year but not served within that time, in cases where the required notice has been filed” and the proper registry of probate, and further, as stated at pages 114 and 115 of the case last quoted, “If the action has been commenced but the writ has not been served nor service accepted within the year, then the executor or administrator is not liable unless the writ relates to a cause of action, notice of which has been filed in the registry of probate within that year.”
Consequently, it appears that this “action was not ‘commenced’ during the year within the settled meaning of that word.” The burden of proof was “on the plaintiff to establish by affirmative evidence that the action was commenced within the time required by the statute.”
The deceased executed the note in question on its date, July 20, 1933, and the writ in this action was dated September 19, 1940 and service thereof was not made until October 10, 1940, more than a year after the appointment of the executor. The defendant was appointed on September 18, 1939 and duly gave bond required for her appoint *319 ment on that date, and on April 29,1940, she gave an additional bond, the one originally given being insufficient in amount.
Some of the dates given above are taken from the plaintiff’s brief as admissions against interest; while the report states “the certified copy of the Probate record of the estate of the maker of the instrument, a copy of which is made part of this record and attached hereto.” No such record is so attached so that we could well dismiss this report, for this reason alone, but obtaining these missing dates from the plaintiff’s brief, we treat this evidence as an admission of the necessary facts, as the only question involved is whether or not the plaintiff’s action is barred by the special statute of limitations.
An action is commenced when a writ is sent out and delivered to an officer with a bona fide intent to have it served upon the defendant, and such was the former rule. Estes, Admr. vs. Tower, 102 Mass. 65. J. Cushing Co. vs. Brooklyn Trust Co., 235 Mass. 171, but actions against the estate of deceased persons are regulated specially by the statute above quoted.
This statute fixed the time within which an action shall be barred as within “one year from the time of his (the administrator) giving bond for the performance of his trust.” Nothing is said therein about the giving of a bond in addition to the original bond. If such was the law there would be additional time allowed for the settlement of estates, and by giving such additional bonds from time to time an estate could be kept open for an unlimited time. We do not think such was the meaning of the legislature. Both bonds given were official bonds.
*320 The plaintiff made the following requests for rulings,
1. Upon all the evidence, the Court is warranted in finding that the service was made within the year, and therefore there should be a finding for the plaintiff.
2. Upon all the evidence and the law, the Court should find that the plaintiff made proper service and that the note was executed in proper form, and thereupon should find for the plaintiff,
which were rightly denied.
This plaintiff, if she wished, could have followed the statute in its terms, and filed the notice required by the statute quoted in the Probate Court and so held his claim. See Parker vs. Rich, Admr., 297 Mass. 111. Gray vs. Dahl, Ex’r, 297 Mass. 260.
The report is dismissed.