Nos. 122059, 122060      Municipal                Suffolk, ss.

GLYNN et al                                  (Rabb and Rabb)
v. BOSTON CONSOLIDATED GAS CO.

                    (Badger, Pratt, Doyle & Badger)

From the Municipal Court of Boston—Riley, J.

Argued February 17, 1941; Opinion Filed November 26, 1941

_____

BARRON, J. (Zottoli, J. & Gillen, J.)—These are actions of tort to recover damages for injuries caused by the escape of gas from a broken pipe of the defendant company. The two actions were tried together. The judge found for the defendant in each case.

The plaintiff in each case claims to be aggrieved by the refusal of the judge to rule that (1) the plaintiff made out a prima facie case by showing she was injured by reason of gas escaping from a broken main of the defendant and (2) that the defendant was bound to inspect its pipes so as to insure prompt detection of leaks therein.

The evidence tended to show as follows:—Both plaintiffs, in January, 1940, while in their home, were made ill from gas which escaped from a broken two-inch supply pipe controlled by the defendant and located eight or ten feet from the plain-

tiffs' home. The leak occurred at the coupling of the pipe which was laid two feet six inches below the surface of the lawn. The pipe was installed in May of 1913. The depth of frost in the ground at the place of the leak was two feet. No inspection of said pipe had been made by the defendant prior to said leak.

The trial judge noted in his disposition of requests for rulings that there was no evidence that the pipes were not properly constructed or improperly laid, or that a pipe installed on the ground could not safely be used for twenty-seven years, and that there was no evidence as to the cause of the leak. The Court also noted that the evidence warranted but did not compel a finding that defendant was negligent.

The trial judge was correct in refusing to instruct himself that a prima facie case had been established.

When such a case is made out "it is incumbent on the other party to meet and control it or it will be conclusive against him." *Cincotta* v. *DuPuy*, 294 Mass. 298.

In the case at bar, at best, where there was no evidence as to the cause of the break;—or any evidence that the pipe was improperly maintained or constructed, the Court was not required to find negligence from the fact that the pipe was broken. The pipe may have been broken from other cause than the defendant's negligence in laying or caring for it. Gas coming from a broken pipe of the defendant is not of itself conclusive. of negligence as a matter of law. Whether there was negligence is a question of fact to be determined from the evidence presented. *Greaney* v. *Holyoke Water Power Co.*, 174 Mass. 437, *Thompson* v. *Cambridge Gas Light Co.*, 201 Mass. 77.

The Court did not err in refusing to rule that the defendant was bound to inspect its pipes. There was no evidence that a pipe twenty-seven years old could not safely be used. Due care did not require the defendant to expose and inspect the pipe. *Gerard* v. *Boston*, 299 Mass. 488.

Report dismissed.