Lauriat, J.
The plaintiff, Massachusetts General ' Hospital (“MGH”), instituted this action pursuant to G.L.c. 197, §10, against Delano Funches (“Funches"), Temporary Administrator of the Estate of Margaret Fisher, seeking relief from the one year statute of limitations contained in G.L.c. 197, §9(a); MGH ultimately seeks to collect on a debt owed for hospital services rendered to the decedent, Margaret Fisher. After hearing, and upon consideration of the memoranda and arguments of counsel, the plaintiffs second motion for summary judgment is denied; further, the court grants summary judgment in favor of the defendant.
BACKGROUND
Massachusetts General Hospital provided various hospital services to Margaret Fisher (“Fisher”) in the amount of $42,072.76, from September 4 to September 11, 1995. Fisher died on January 7, 1996. In early September, 1996, MGH’s attorney made a formal demand for payment to the attorney for the estate, David Blumenthal. Blumenthal, however, did not file for probate of Fisher’s estate until June 18, 1997.
On July 14, 1997, MGH filed a Notice of Claim against Funches, as the temporary executor of Fisher’s estate in the Probate Court. Funches moved to strike the Notice of Claim, asserting that the one year statute of limitations on that claim had passed. The Probate Court subsequently denied Funches’ motion to strike, and on July 17, 1997, MGH commenced an action to recover the debt in the Boston Municipal Court (“BMC”). At the BMC, Funches again answered by pleading the statute of limitations. The BMC (Tierney, J.) ruled that MGH’s action was untimely due to its failure to comply with G.L.c. 197, §9(a). MGH then filed this action in the Superior Court seeking equitable relief pursuant to G.L.c. 197, §10.[1]
DISCUSSION
Summary judgment will be granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c).
General Laws c. 197, §9(a) provides that “an administrator shall not be held liable to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless,” the creditor provides notice to the administrator of its claim as provided by that section. G.L.c. 197, §9(a). There is no dispute that MGH commenced its action against Fisher’s estate more than one year after her death.
MGH now seeks equitable relief from this court pursuant to G.L.c. 197, §10, which allows “a creditor whose claim has not been prosecuted within the time limited by [G.L.c. 197, §9]” to recover by a bill in equity, so long as “such creditor is not chargeable with culpable neglect in not prosecuting his claim -within the time so limited.” G.L.c. 197, §10. Thus, MGH would be entitled to relief if it can establish that its “failure to commence the action within the time prescribed was not due to [its] carelessness or to any lack of diligence for which [it] might properly be censured or blamed.” Hasioupis v. Gargets, 9 Mass.App.Ct. 27, 32 (1980). Based on the facts presented, the court finds that MGH has not sustained its burden of demonstrating that its failure to prosecute an action was not due to culpable neglect. See Parker v. Rich, 297 Mass. 111 (1937) (burden is on creditor to establish that action was commenced within time required).
There is no dispute that MGH failed to commence an action within the one year statute of limitations, despite being fully aware that the time period in which to file its claim was running. MGH, however, attempts to shift the burden to the defendant by claiming that Funches failed to file for probate within the one year statute of limitations, and that this failure somehow prevented MGH from preserving its rights. This argument must fail. It was the responsibility of MGH to keep itself apprised of the status of Fisher’s estate; and, when it appeared that the statute of limitations would run, it was MGH’s responsibility to protect its rights, including applying, as a principal creditor, for the appointment of an administrator. See G.L.c. 192; G.L.c. 193. Moreover, MGH has provided no reason, other than its claim of delay on the part of Funches, why it failed to commence or prosecute an action within the one year statute of limitations. Because MGH is chargeable with culpable neglect, summary judgment in its favor must be denied.
At the hearing on this matter, counsel for the defendant asserted that there were no genuine issues of material fact in dispute. The court agrees, and *725 concludes that the defendant, Funches, is entitled to summary judgment as a matter of law. See Charlesbank Apartments, Inc. v. Boston Rent Control Administration, 379 Mass. 635 (1980); Good v. Commissioner of Correction, 417 Mass. 329 (1994); Mass.R.Civ.P. 56.
ORDER
For the foregoing reasons, the Plaintiffs Second Motion for Summary Judgment is DENIED. It is further ORDERED that summary judgment shall enter in favor of the defendant, Delano Funches, Temporary Administrator of the Estate of Margaret Fisher.

 The Superior Court possesses concurrent jurisdiction with the Supreme Judicial Court as to claims brought pursuant to G.L.c. 197, §10. See Hastoupis v. Gargas, 9 Mass.App.Ct. 27, 28 n.3 (1980).