Fecteau, J.
This is an action brought by the plaintiffs in connection with the defendants’ construction of a duplex residential structure. The complaint is in seven counts, five against the corporate defendant, alleging breach of contract, in falling to complete the construction on time and in failing to build as agreed in the specifications, breach of warranty, misrepresentation and a violation of G.L.c. 93A; the remaining two counts against the individual defendant allege misrepresentation and a c. 93A violation. The defendants deny wrongdoing of any kind and say that if there were defects present when their work on the project was stopped, the plaintiffs prevented them from correcting any such defects or completion, that the house was substantially completed on time, that the plaintiffs were permitted by the defendants to begin occupancy one month prior to the expected completion date and that the plaintiffs’ complaints are unreasonable, or relate to items over which they had no legal responsibility and to items that the plaintiffs had previously accepted as satisfactory.
This matter came on before me on October 27, and November 10, 1999. This matter was tried to the court without jury. On August 27, 1999, another justice of this court allowed a motion in limine brought by the plaintiffs that the defendants, being aggrieved by a decision in the District Court, failed to re-insist upon a jury trial in this court, having removed the case from the District Court following entry of judgment there. At trial, the defendants contended that their action in bringing the case to the Superior Court was not a removal after judgment in the District Court but rather an appeal of that judgment, pursuant to G.L.c. 231, Sec. 97.1 ruled that, notwithstanding the styling of the defendants’ pleading by which they sought a transfer of the matter from the District Court to this court as an “appeal,” presumably under the provisions of G.L.c. 231, Sec. 97, since this case could have originated in this court, the provisions of said statute do not apply; rather, the provisions of G.L.c. 231, Sec. 104 and 102C apply. Thus, since the defendants failed to comply with said latter statutes by re-insistence, in this court, on their demand for a jury trial, they have waived their right to a jury trial.
Upon consideration of the evidence, I make the following findings of fact and rulings of law.
*433 FINDINGS OF FACT
1. In August 1994, the plaintiffs contracted with the defendants for the construction of a two-story, “side-by-side” duplex at 729 Franklin Street, Worcester, for a total construction price of $145,500.00. Although the contract specified that time was of the essence in the performance by both parties, it also called for construction to be completed within five months following the signing of the written contract, presumably by mid-January 1995, subject to reasonable delays due, for example, to weather, the permit and inspection process and other conditions over which the defendants had no control.
2. The contract called for the house to be built according to written plans, specifications and a bill of materials. The contract promised that the work would be done' in a good, substantial and workmanlike manner. Also referenced and attached to the contract was an express warranty that essentially promised that all structural elements be free of any defects for one year.
3. Construction began in September 1994, with the excavation of the site and the pouring of a footing and foundation. The plaintiffs requested and were allowed to occupy the premises as of the week prior to the Christmas holidays 1994, the structural elements being substantially complete at that time but with finish-work still in progress. This is some evidence that the plaintiffs were satisfied, in general, with the state of completion of the project, as they were moving into occupancy before the projected completion date and without an occupancy permit.
This also likely served to complicate and lengthen the time for completion of the work since the tradesmen had to then work around the plaintiffs and their personal property.
4. Beginning approximately in November 1994, until April or May 1995, the plaintiffs presented the defendants with several “punch lists” of items that needed repair, replacement or completion. These lists included many groups of items, such as carpentry, plastering, painting, plumbing and electrical. In addition, there were complaints about unfinished landscaping, curb cuts and failure to include window openings in the front cellar wall. The punch lists were admitted as exhibits, not for the truth of the matters asserted in the punch lists, but rather as evidence of knowledge or notice to the defendants of complaints of the plaintiffs. Obviously, landscaping work, consisting of the delivery and spreading of loam, grading and seeding of a lawn cannot be done in winter. Moreover, asphalt rendering plants are customarily shut down during winter months although a small inventory of asphalt may be kept on hand for emergency road repairs.
5. Upon receipt of complaints by the plaintiffs, Colecchi called back the subcontractors involved in the trade at issue. Primarily, the only complaints accepted by the defendant were those concerning the finish of interior wall surfaces. These complaints were then remedied, such as touching up the plastering around light switch plates, repair of cracks in walls and repainting walls to cover scratches or to make the wall uniform in appearance. Additionally, there were some minor rewiring tasks needed to be done, such as a doorbell and some smoke detectors, and which were done. She did not verify or agree with some items of complaint, however, such as inadequate flashing around the chimney or leaking around the chimney, leaking oil tanks and rusting oil filler pipes. In addition to the testimony of the defendant Judith Colecchi, the defendants offered evidence from various sub-contractors, including carpenter, electrician, designer and plasterer. They testified that with each item of complaint on the punch lists that concerned their section of the work, remedial work was done in satisfaction of the contract requirements. As to the testimony of each, I found them to be credible.
6. One item of complaint was caused by a change requested by the plaintiffs, namely a lack of soundproofing in the common wall between the two units. I find that the explanation given by the defendants’ designer with respect to the complaint of decreased sound proofing in the common wall being due to the plaintiffs’ decision to have the kitchen cabinets moved off the common wall to a side wall is credible. There is evidence that ten-inch, batt-type insulation is within the common wall and that the specifications do not call for any additional sound barrier.
7. With respect to the plaintiffs’ complaint that cellar windows were not allowed for in the foundation in front of the house was a mistake made by the defendants, but cellar windows were placed in the foundation on the side and rear of each unit. There was no evidence as to the particular damage caused to the plaintiffs on account of the lack of a cellar window in the front of each unit of the house.
8. The case was first tried in the District Court and a decision was entered in favor of the plaintiffs in the amount of $10,145.00, together with interest and costs. (See ex. 1.) The plaintiffs called no witnesses, neither during their case-in-chief nor in rebuttal to the defendants’ evidence. The only evidence offered by the plaintiffs other than the District Court decision came through the cross-examination of the defendants’ witnesses.
9. The plaintiffs have paid the defendants, to date, a total of $141,480.00. The defendants filed a counterclaim for the balance due, along with some extras. No evidence was offered by the defendants with respect to the extras. The defendants conceded in their response letter to the plaintiffs’ c. 93A demand letter that they were in the process of completing the loam-ing, seeding and driveway work when the work was *434 stopped due to this lawsuit. No evidence was offered by the defendants as to the amount of completed work for which payment has not been received.
RULINGS OF LAW
It is a matter of statutory law that in a case that has been transferred or removed to the Superior Court following a trial in the District Court, the party that prevailed in the District Court trial may offer into evidence the decision therein and have it given prima facie effect. G.L.c. 231, Secs. 102C and 104. This means that “unless the prima facie evidence is rebutted by evidence to the contrary, a verdict for the prevailing party at the District Court trial is required as a matter of law." Cook v. Farm Serv. Stores, Inc., 301 Mass. 564, 566 (1938).
A District Court decision that is “met and controlled by an explanation determined by the fact finding tribunal to be adequate and satisfactory” is sufficient to overcome the conclusiveness of prima facie evidence. Cincotta v. Dupuy, 294 Mass. 298, 299 (1936). Therefore, upon the introduction of credible evidence in rebuttal to that decision, the conclusive and binding effect of that decision disappears and it is only some evidence to be considered in support of that party’s contention and burden of proof. “Prima facie evidence is ‘evidence,’ remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant.” Cook, id. “This rule means that no matter what other evidence might be introduced in the Superior Court, the decision of the District Court judge, which, so far as admissible at least, would consist of a very few words, such as T find for the plaintiff and assess damages in the amount of $250.00,’ would be evidence warranting a finding for the plaintiff.” Lubell v. First National Stores, Inc., 342 Mass. 161, 164 (1961). Moreover, this case and others hold that this court cannot look behind the decision of the District Court judge to the findings of fact and adopt them as evidence here.
The plaintiff herein was the prevailing party at the trial in the District Court and the decision therein is an exhibit here. Other than through cross-examination of defense witnesses, the plaintiffs offered no other evidence. The prima facie effect of this decision, at the close of the plaintiffs’ case, is that the case survives a motion by the defendants for involuntary dismissal in favor of the defendants at that point in the trial.
Thereafter, the defendants offered evidence which rebutted, i.e., was contrary to the District Court decision. The decision in favor of the plaintiffs thus loses its conclusive effect. It therefore is some evidence that the defendants constructed a duplex that was not completed, not completed on time, and/or not free of defects, on breach of contract or breach of warranty theory, as these are essentially the theories of recovery put in issue by the pleadings. The pleadings, however, are not evidence. Since the defendants did not concede any uncorrected defects, or any work that was not completed other than that which the plaintiffs prevented them from completing, there is no evidence, apart from the District Court decision, upon which to base any findings of fact as to what, if any, work remained, defective or not, following thedefendants’departurefromthejob. Moreover, even if evidence had been introduced upon which findings of defective workmanship could be based, there was no evidence offered, independent of the decision, as to damages.
The decision of the District Court is sufficient, in theory, to satisfy the plaintiffs’ burden of proof even after it has been stripped of its conclusive effect by the introduction of credible evidence in rebuttal, since it remains as evidence warranting a decision in the plaintiffs’ favor, although not conclusively so. This District Court decision is of little evidentiary help in determining the factual issues here, however. This is not like the more typical case that is tried after re-transfer or removal after trial in the District Court wherein the cause of action is a single event, such as a motor vehicle accident or a premises liability personal injury claim. Here, there were seven causes of action alleged, some of which having elements that are significantly distinct from one another. Moreover, even within the single claim of defective workmanship, the plaintiffs’ punch lists, having been given evidentiary value only on the issues of notice or knowledge of the defendants of the plaintiffs’ complaints, are extensive and list items that I can only assume vary in time and cost of repair from negligible to extensive.[1] Moreover, without evidence independent of the District Court decision, there is no method by which the court can discern the basis for the decision of the District Court. For example, the decision could have been based solely upon a finding that the construction was not completed on time, or, upon a finding that some aspects of the construction were not completed at all, or, upon a finding that some aspects of the construction were not performed in a good and workmanlike manner, or, any combination thereof. For the court to give compelling value to the District Court decision herein would be to engage in a thoughtless exercise giving that decision more force than it deserves and which would amount to speculation and guesswork as to those items that the District Court judge found as the basis of a decision in favor of the plaintiffs. The guesswork would thereafter be compounded as to the element of damages.
The bare decision from the District Court is also not helpful in the determination of the weight to give to evidence offered in rebuttal to the decision, especially given the multitude of items on the punch lists and the timing and quality of the defendants’ responses thereto. Part of the fact-finding function is to determine questions of credibility. It is the plaintiffs’ burden *435 to persuade the fact-finder. Once rebuttal evidence is introduced in a case such as this, the plaintiffs have a burden to persuade the finder of fact that such evidence is not credible and/or does not fairly meet and control the decision of the District Court. They did not do so. Moreover, I find no evidence to support any misrepresentation count in that there is no evidence upon which to base a finding that either one or both of the defendants knowingly made false statements of fact or committed any violation of G.L.c. 93A.
The plaintiffs, having the burden to prove their allegations by a preponderance of the evidence, have failed to do so.
By the same token, the defendants have failed to prove their counterclaim.
ORDER FOR JUDGMENT
For the foregoing reasons, on the complaint of the plaintiffs, judgment shall enter in favor of the defendants. With respect to the counterclaim, a judgment shall enter in favor of the plaintiffs/defendants-in-counterclaim.

Indeed, there is a reference, in the plaintiffs’ demand letter under c. 93A, admitted for notice purposes only, to an evaluation by a Francis Harvey & Sons, Inc., of remedial work necessary to correct defective or incomplete work in the estimated amount of $21,247.00. (See ex. 9, p 4.) It was not itemized in the demand letter, nor was any evidence adduced at trial concerning the estimate.